**Mildred Gann, et al., Plaintiffs-Appellants, v. Harrisburg Community Unit School District, Defendant-Appellee.**

**Gen. No. 65–78.**

Fifth District.

July 11, 1966.

Kern and Pearce, of Carmi, for appellants.

Arlie O. Boswell, Sr., of Harrisburg, for appellee.

MORAN, J.

This is an appeal from an order of the Circuit Court of Saline County, Illinois, sustaining the defendant-appellee's motion to strike the complaint of the plaintiffs-appellants for failure to state a cause of action in a suit brought under Ill Rev Stats, ch 46, §§ 23, 24, to contest a community unit school district election.

The appellants alleged in their complaint that, pursuant to the filing of a petition and a hearing on the petition in accordance with Ill Rev Stats, ch 122, § 11-6, an election was held on May 27, 1965, for the purpose of determining whether or not a community unit school district should be established in certain contiguous areas in Saline County; that each of the appellants had been a resident of the territory included within the proposed district at the time of the election; that, in accordance with the statute, the Saline County Superintendent of Schools designated five precincts for the election; that the precinct designated number 3 did not lie within the territory comprising the proposed school district; and that, therefore, the election, which resulted in favor of the formation of the proposed district, was void and of no effect and that it should be set aside. The appellee made a motion to strike the complaint for failure to state a cause of action. The trial court sustained the motion and dismissed the complaint. The appellants seek to reverse the dismissal in order that the complaint may be heard and be determined on the merits. There are no allegations that any fraud occurred or that any voters were deterred from voting. Nor is there any allegation that persons voted who were not residents of the territory sought to be organized.

The statute governing the formation of community unit school districts expressly provides that the polling place for a particular precinct must lie within the boundaries of the precinct. Ill Rev Stats, ch 122, § 11-6, provides that after a petition has been presented concerning the formation of a school district and after the petition has been approved, the county superintendent "shall call an election to be held in the manner provided in Article 9 of this Act. . . ." Chapter 122, § 9-7, provides in part that:

> In elections in all other school districts, including non-high school districts, the board of education shall establish a suitable number of voting precincts and fix the boundaries thereof for the accommodation of the voters of the district. If more than one voting precinct is established the voting precincts shall be designated by number. In each voting precinct there shall be one polling place designated by the board. . . .
>
> At an election called by the superintendent of schools, unless otherwise provided, voting precincts shall be established and polling places designated by the county superintendent of schools in accordance with the provisions of this section. . . .

The appellants contend that this statutory provision is mandatory and, therefore, that the failure to designate polling places within the territory sought to be organized should render the election void.

A similar contention was made and overruled in People v. Graham, 267 Ill 426, 108 NE 699, a case in which the court held that the designation of a polling place for three city wards across the street from the boundary lines of two of the wards would not void a municipal election. In its decision, the court reviewed cases in other jurisdictions and stated, at 440:

> The courts of last resort in a majority of these cases have held that where it was shown that no legal voter was thereby deprived of his vote and the location was not selected from any improper motive, no fraud or other harm being shown or charged, such location of a polling place would not avoid the election. (Cases cited.)

Even though there was no express statutory provision governing the location of a polling place in the Graham case, the decision is nonetheless applicable; for the court held that such a provision was implied by the spirit of the election law.

This position has also been taken in 29 CJS, Elections, § 199, where it is stated that:

> (T)he rule is that, where the polling place selected by the proper officers is outside the election district, the electors of the district who vote thereat are not disenfranchised on that account if the election is otherwise lawfully conducted.

■ ■ Generally, an election should be held at the time and in the place provided by law in order that it have validity. Snowball v. People ex rel. Grupe, 147 Ill 260, 35 NE 538. However, a distinction has been drawn between directory and mandatory provisions. Siedschlag v. May, 363 Ill 538, 2 NE2d 836; People v. Crossley, 261 Ill 78, 103 NE 537. The failure to follow a mandatory provision will invalidate an otherwise valid election, while the failure to follow a directory provision will not. People v. Graham, supra. This is not to say, however, that a directory provision may or should be disregarded, but only that an entire election will not be invalidated for the failure to follow such a provision. Hester v. Kamykowski, 13 Ill2d 481, 150 NE2d 196. This analysis has been used not only for general elections, but also for special school elections. People v. Kinsey, 294 Ill 530, 128 NE 561; Carr v. Board of Education of

Homewood-Flossmoor Community High School Dist. No. 233, 14 Ill2d 40, 150 NE2d 583; Cashen v. Board of Education Pawnee Community Unit School Dist. No. 11, 2 Ill App2d 490, 119 NE2d 823.

■ ■ The determination whether a statutory provision is mandatory or directory has depended upon the following criteria: (1) whether the statutory scheme expressly or impliedly provides that the failure to follow the provision shall render an election void; (2) whether the failure interfered in any way with the result of the election; (3) whether any person legally entitled to vote was not permitted to do so; (4) whether any person voted who was not a resident of the territory sought to be organized; (5) whether the polling place was chosen for any improper motive; and (6) whether any fraud occurred in or as a result of the selection of the polling place. People v. Green, 265 Ill 39, 106 NE 504; People v. Graham, supra; People v. Kinsey, 294 Ill 530, 128 NE 561; People v. Brown, 306 Ill 245, 137 NE 854; People v. Quilici, 309 Ill App 466, 33 NE2d 492; Cashen v. Board of Education, supra. Generally, "statutory provisions regulating the conduct of an election are deemed directory after an election in which no improper voting has occurred." People v. Quilici, supra, at 472.

■ In this case, the statutory scheme does not expressly or impliedly provide that a failure to follow the provision shall render an election void. In addition, none of the adverse effects mentioned above were alleged to have occurred as a result of the failure. Nor was there any fraud alleged. Hence, the provision is directory, not mandatory, and the election need not be voided.

For the foregoing reasons, the judgment of the lower court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.