(No. 40127.—

THE PEOPLE *ex rel.* J. Theodore Meyer *et al.,* Petitioners, *vs.* OTTO GERNER *et al.,* Respondents.

*Opinion filed September 13, 1966.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, DON E. REUBEN, LAWRENCE GUNNELS, and DAVID W. RUTTENBERG, all of Chicago, for petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, and STANLEY T. KUSPER, JR., both of Chicago, for respondents.

Mr. JUSTICE HOUSE delivered the opinion of the court:

An original petition for a writ of *mandamus* has been filed, pursuant to leave, by J. Theodore Meyer and Mary K. Meany, nominees of the Republican Party for the office of Representative in the Illinois General Assembly for the 28th Representative District. The respondents are the members of the State Electoral Board, the County Clerk of Cook County, the members of the Board of Election Commissioners for the city of Chicago, and James E. Murphy, associate judge of the circuit court of Cook County.

On February 27, 1966, 108 days prior to the primary election on June 14, 1966, the Representative Committee for the Republican Party for the 28th Representative District met and passed a resolution determining that there should be only two candidates nominated by the Republican Party from the 28th District. The resolution was filed in the office of Paul Powell, Secretary of State, on March 3, 1966, and was accepted by him. The official list of candidates compiled and published by the Secretary of State recited that only two Republican candidates be nominated from the 28th District. The Republican ballot for the District, as certified by the Electoral Board to the County Clerk and printed by the Board of Election Commissioners and used in the election for the District, recited that only two Republican candidates were to be nominated for the office of Representative in the General Assembly.

Petitioners, together with Joseph M. Adduci, were candidates for the nomination and their names appeared on the ballot in the 28th District in the primary election. On June 29, 1966, the respondent Board of Election Commissioners proclaimed the results of the election, from which it appears that candidate Meany had 16,962½ votes, candidate Meyer had 6,327 votes, and candidate Adduci 6,083½. Adduci filed a petition for a recount in which he alleged a miscount of ballots, and further sought to have the action of the Representative Committee and the State Electoral Board declared null and void because the certified copy of the resolution designating two candidates was filed in the office of the Secretary of State four days after the Representative Committee met rather than two days after such meeting.

On August 3, 1966, respondent Murphy entered an order decreeing that the act of the State Electoral Board certifying to the County Clerk that only two candidates were to be nominated in the Republican primary was void. He ordered that the Electoral Board certify to the County Clerk, who, in turn, must certify to the Election Commissioners, that three Republican nomines appear on the ballot in the November, 1966, election as candidates for the office of Representative. The ground for the order was the failure to comply with the requirements of section 8—13 of the Election Code, (Ill. Rev. Stat. 1965, chap. 46, par. 8—13,) which reads in pertinent part: "At least 90 days prior to the date of the June primary, the Representative committee of each political party shall meet, and by resolution fix and determine the number of candidates to be nominated by its party at the primary for Representative in the General Assembly. A copy of said resolution, duly certified by the chairman and attested by the Secretary of the Committee shall within two days thereafter be filed in the office of the Secretary of State, and in the office of the County Clerk of each county and in the office of each Board of Election Com-

missioners having jurisdiction within the Representative district." It is conceded that the resolution was not filed until four days after its passage but the 90-day provision was complied with in that it was filed 104 days prior to June 14, 1966, the date of the primary.

The members of the State Electoral Board, the members of the Board of Election Commissioners of the city of Chicago, and Edward J. Barrett, County Clerk of Cook County, filed separate answers submitting themselves to the jurisdiction and protection of this court and seeking instructions. Respondent James E. Murphy, associate judge of the circuit court of Cook County filed a motion to strike the petition and in the alternative files an answer seeking to justify his order.

This is an appropriate case for the use of our original *mandamus* jurisdiction because it must be determined whether the order of the trial court is void for lack of power to enter it. (*People ex rel. Woll* v. *Graber,* 394 Ill. 362; *People ex rel. Bradley* v. *McAuliffe,* 24 Ill.2d 75.) In cases involving the election process, where the time factor alone would usually render an appeal futile, this court has seen fit to grant original writs of *mandamus.* (*People ex rel. Scott* v. *Kerner,* 32 Ill.2d 539; *People ex rel. Barrett* v. *Barrett,* 31 Ill.2d 360; *People ex rel. Nachman* v. *Carpentier,* 30 Ill.2d 475; *People ex rel. Daniels* v. *Carpentier,* 30 Ill.2d 590.) The argument that a writ of *mandamus* should not issue because there was no demand that the order be vacated, based upon *Murphy* v. *City of Park Ridge,* 298 Ill. 66, is without merit. The order here sought to be expunged does not merely effect the private rights of the petitioners, but it also involves the public interest. No demand is necessary when enforcement of a public right is sought. *People ex rel. Allied Bridge & Const. Co.* v. *McKibbin,* 380 Ill. 63; *People ex rel. Barrett* v. *Barrett,* 31 Ill.2d 360, *People ex rel. Scott* v. *Kerner,* 32 Ill.2d 539.

Election officials must know how their statutory duties

are to be performed in ample time to permit orderly elections. We feel that they are entitled to our interpretation of the statute for their guidance, even though this case could be disposed of on jurisdictional grounds. First, respondent Murphy's order was beyond the scope of election contest proceedings, since such actions are limited to a determination of the result of an election. For example, in *Welsh* v. *Shumway*, 232 Ill. 54, it was held that the validity of nomination papers could not be contested; *Cipowski* v. *City of Calumet City*, 322 Ill. 575, involved the question of whether a petition for annexation was signed by the requisite number of voters and it was held that a contest of the validity of an election or an inquiry into the steps taken in calling and conducting an election is not contemplated by the statute; and in *Glakemeier* v. *Calhoun*, 3 Ill.2d 329, an election contest was held to be an inappropriate proceeding for attacking the sufficiency of the petition and notice, or considering contiguousness and whether the territory annexed was already part of another municipality. Second, assuming *arguendo* that the trial court could legally pass upon the validity of the preliminary steps, the order would be null and void since it was entered without either the Electoral Board or County Clerk being before the court. It has long been the rule that an order entered without jurisdiction of indispensable parties is null and void. (*Village of Metamora* v. *Village of Eureka*, 163 Ill. 9; *Conway* v. *Sexton*, 243 Ill. 59; *Georgeoff* v. *Spencer*, 400 Ill. 300.) The Electoral Board and County Clerk are charged with certifying the names of the candidates to appear on the ballot at the November general election, and were certainly entitled to be heard before the entry of an order so vitally affecting their official functions.

Proceeding to the merits, the sole question is whether the provision in section 8—13 of the Election Code, (Ill. Rev. Stat. 1965, chap. 46, par. 8—13,) that a certified copy of the resolution fixing the number of party candidates for

Representative be filed with the Secretary of State within two days of its passage is mandatory or directory. In a variety of cases the word "shall" in construing election statutes has been held directory rather than mandatory. (*People ex rel. Wood* v. *Green,* 265 Ill. 39; *Weston* v. *Markgraf,* 328 Ill. 576; *People ex rel. Petty* v. *Thomas,* 361 Ill. 448; *Hester* v. *Kamykowski,* 13 Ill.2d 481.) In *People* v. *Emmerson,* 333 Ill. 606, cited by respondent Murphy, it was said that if political parties nominate they are required to do so according to the statute, but did not classify the act of filing a copy of the resolution with the Secretary of State within the statutory period (then five days) as being mandatory. The case held only that the predecessor of section 8—13, allowing political parties to limit the number of representative candidates to be nominated by a political party, was constitutional.

"No universal rule can be given to distinguish between directory and mandatory provisions. * * * Whether a statute is mandatory or directory does not depend upon its form but upon the legislative intention to be ascertained from a consideration of the entire act, its nature, its object and the consequences which would result from construing it one way or the other." (*People ex rel. Agnew* v. *Graham,* 267 Ill. 426, 436.) See also *Zbinden* v. *Bond County School District,* 2 Ill.2d 232; *Carr* v. *Board of Education,* 14 Ill.2d 40.) Where a statute provides that an election shall be rendered void by failure of those involved in the election process to perform certain duties, the courts are bound to enforce it as mandatory. (*People ex rel. Cant* v. *Crossley,* 261 Ill. 78; *Sudschlag* v. *May,* 363 Ill. 538.) But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal. *Hester* v. *Kamykowski,* 13 Ill.2d 481.

The purpose of this statute is to ensure that election

officials know how many persons are candidates of each party (and their identity) in ample time for the officials to prepare for the election. The General Assembly fixed a period of 90 days prior to a primary election for the Representative Committees to act and two days within which to file a certified copy of the resolution fixing the number of candidates or a net period of 88 days for the several election officials to prepare for the election. Here, the meeting was held and action taken 108 days before the primary election and the Electoral Board was notified 104 days prior to the election, which was 16 days earlier than required by the statute. Thus, there was ample time to comply with the determination of the Representative Committee, as evidenced by the fact that the terms of the resolution were accepted and acted upon by the several election officials, and there is no showing that anyone has been prejudiced or harmed or that the merits of the primary election were adversely affected.

The decree is a final and dispositive order. Since no appeal was taken from it within the period fixed by the statute, the jurisdiction of the trial court is exhausted. We direct that there be no enforcement of the decree and no further proceedings be conducted by that court other than expunging the order. A writ of *mandamus* is accordingly awarded commanding the respondent, James E. Murphy, Associate Judge of the Circuit Court of Cook County, to expunge his order of August 3, 1966; and directing the respondent State Electoral Board to certify to the County Clerk of Cook County the petitioners as the only two persons who shall appear on the ballot as Republican candidates for Representative of the General Assembly for the 28th District in the November, 1966, general election; and directing the respondent, the County Clerk of Cook County, to similarly certify the petitioners names to the Board of Election Commissioners for the city of Chicago; and directing such Board to prepare and cause to be printed the official ballot naming

the petitioners as the only two Republican candidates for Representative of the General Assembly for the 28th District.

*Writ awarded.*