SALLY THOMAS *et al.*, Plaintiffs-Appellants, *v.* JOHN MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 76-785

Opinion filed July 18, 1977.—Rehearing denied August 10, 1977.

James Lewis Kaplan, of Kaplan, Sorosky and Hoffman, Ltd., of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs filed a petition to contest the validity of a local referendum election held in their precinct. (Ill. Rev. Stat. 1973, ch. 43, par. 182; ch. 46, par. 23—20.) The circuit court granted defendant Marcin's motion to strike and dismiss the petition, and plaintiffs appeal. The plaintiffs' sole argument on appeal is that a petition challenging an election on the grounds of illegal electioneering within 100 feet of the polling place states sufficient grounds upon which the election may be declared void.

We affirm.

The record discloses the following facts pertinent to this appeal. On April 1, 1975, the voters of the 33rd precinct of the 21st ward of the City of Chicago passed on the question of whether the sale of alcoholic liquor should be prohibited, pursuant to the provisions of article IX of the Liquor Control Act. (Ill. Rev. Stat. 1973, ch. 43, pars. 166—182.) The results of the election were 115 for prohibition and 101 against. Plaintiffs contested the election by filing a petition asking that the election be declared null and void, alleging, *inter alia*, that illegal electioneering within 100 feet of the polling place unduly influenced certain voters causing them to be coerced into voting in favor of the proposition. Electioneering within 100 feet of a polling place is prohibited by section 17—29 of the Election Code. Ill. Rev. Stat. 1973, ch. 46, par. 17—29.

■■ Many statutory provisions governing elections are directory, and not mandatory. A pleading in an election contest that alleges violation of a directory requirement without alleging that the deviation was fraudulent, is subject to dismissal. (*Cummings v. Marcin* (1973), 16 Ill. App. 3d 18, 305 N.E.2d 606.) In the instant case, defendant Marcin argues that the provision prohibiting electioneering within 100 feet of a polling place is directory, so that plaintiffs' complaint was properly dismissed by the trial court. The issue for our consideration, therefore, is whether section 17—29 of the Election Code is mandatory or directory. This section states:

"No judge of election, challenger, or other person shall, at any primary or election, do any electioneering or soliciting of votes or engage in any political discussion within any polling place or within 100 feet of any polling place; no person shall interrupt, hinder or oppose any voter while approaching within 100 feet of any polling place for the purpose of voting. Judges of election shall enforce the provisions of this Section."

As outlined in *Gann v. Harrisburg Community Unit School District* (1966), 73 Ill. App. 2d 103, 218 N.E.2d 833, the determination of whether a provision of the Election Code is mandatory or directory has depended upon: (1) whether the statutory scheme expressly or impliedly provides that the failure to follow the provision shall render an election void; (2) whether the failure interfered in any way with the result of the election; (3) whether any person legally entitled to vote was not permitted to do so; (4) whether any person voted who was not a resident of the territory sought to be organized; (5) whether the polling place was chosen for any improper motive; and (6) whether any fraud occurred in or as a result of the selection of the polling place. "Generally, 'statutory provisions regulating the conduct of an election are deemed directory after an election in which no improper voting has occurred.' " (73 Ill. App. 2d 103, 107, 218 N.E.2d 833, 836.) See also *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617.

■■ In our opinion, the anti-electioneering provisions of section 17—29 are directory, and not mandatory. The statute prescribes that election judges should enforce its provisions. We understand the statute to mean that any instances of unlawful electioneering should be dealt with immediately as they occur, to ensure a proper election, rather than by the self-defeating means of waiting until the results are tabulated and then raising the objection in a petition to void the election. Since the instant petition does not allege the violation of a mandatory provision of the Election Code, or a fraudulent deviation from a directory provision, plaintiffs' petition was properly dismissed.

For the abovementioned reasons, the order of the circuit court of Cook County allowing defendant Marcin's motion to strike and dismiss plaintiffs' petition is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.