MARTIN J. SERWINSKI, Petitioner-Appellee, v. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO *et al.*, Respondents-Appellants.

First District (4th Division)   No. 87—0406

Opinion filed May 14, 1987.

Andrew M. Raucci and Michael P. McClelland, both of Chicago, for appellant Thomas R. Allen.

Mickey Levinson and Franklin J. Lunding, Jr., both of Chicago, for appellant Board of Election Commissioners of City of Chicago.

Michael A. Kreloff, of Louis S. Goldstein & Associates, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This proceeding was instituted on December 22, 1986, when Thomas R. Allen, one of the respondents, filed objections to the nominating petition of Martin J. Serwinski, the petitioner, as a candidate in the aldermanic election of February 24, 1987, for alderman of the 38th Ward of the city of Chicago. The board of election commissioners of the city of Chicago (hereinafter referred to as the electoral board), after a hearing, sustained the objections and excluded petitioner from the ballot. After judicial review, the circuit court of Cook County set aside the decision of the electoral board and ordered that petitioner's name appear upon the ballot. Appeal to this court followed. Upon a motion for an expeditious hearing, this court entered an order reversing that judgment, mandating that petitioner's name not be printed on the ballot, and announcing that an opinion would subsequently be filed. This is that opinion.

The record indicates that petitioner filed his nominating petitions, loyalty oath, and statement of candidacy for the office of alderman of the 38th Ward of the city of Chicago on December 15, 1986. That preceding Saturday, he had given the statement of candidacy to the notary, stating that he believed everything was correct, and it was notarized. However, petitioner had failed to sign the statement.

Objections were filed with the electoral board contending that the nominating petition of petitioner was fatally defective because the candidate had not subscribed to his statement of candidacy as required by section 10—5 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—5). A hearing was held before a hearing officer of the electoral board. Finding for respondents, the hearing officer found specifically that the evidence did not establish that petitioner had sworn to the statement. It was undisputed that petitioner had failed to sign the statement of candidacy.

The electoral board entered its decision on January 12, 1987, finding that pursuant to section 10—5 of the Election Code, petitioner's failure to sign the statement of candidacy invalidated the statement. On judicial review, the circuit court set aside the decision of the electoral board and ordered that petitioner's name appear on the ballot. Respondents here seek reversal of the trial court's order, contending that the decision of the electoral board was supported by the manifest weight of the evidence. We agree.

Section 10—5 of the Election Code provides, in pertinent part, as

follows:

"Such certificate of nomination or nomination papers in addition shall include as a part thereof, the oath required by Section 7—10.1 of this Act and must include a statement of candidacy for each of the candidates named therein, except candidates for electors for President and Vice-President of the United States. Each such statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is qualified for the office specified and has filed (or will file before the close of the petition filing period) a statement of economic interests as required by the Illinois Governmental Ethics Act,[1] shall request that the candidate's name be placed upon the official ballot and shall be subscribed and sworn to by such candidate before some officer authorized to take acknowledgments of deeds in this State ***." Ill. Rev. Stat. 1985, ch. 46, par. 10—5.

Petitioner argues that under the criteria expressed in *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617, and *Ballentine v. Bardwell* (1985), 132 Ill. App. 3d 1033, 478 N.E.2d 500, failure to sign his statement of candidacy is not fatal. He contends that, although section 10—5 uses the word "shall" in reference to the clause requiring candidates to subscribe and swear to their statements of candidacy, such provision is directory rather than mandatory.

■ It is well established that the failure to follow a statutory provision which is mandatory renders the proceeding to which it relates illegal and void, while strict compliance to a directory provision is not necessary to the validity of the proceeding. (See *People ex rel. Agnew v. Graham* (1915), 267 Ill. 426, 436, 108 N.E. 699, 703; *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 564-65, 429 N.E.2d 1292, 1297.) However, no concrete rule exists to distinguish between mandatory and directory provisions. "Whether an enactment is directory or mandatory depends on the legislative intention, to be ascertained from the nature and object of the act and the consequences which would result from any given construction. [Citation.]" *Ballentine v. Bardwell* (1985), 132 Ill. App. 3d 1033, 1036, 478 N.E.2d 500, 503.

■ Of course, the starting point in ascertaining legislative intent is in the language of the statute itself. Our supreme court, in considering the validity of an election, set forth the following criteria:

"Where a statute provides that an election shall be rendered void by failure of those involved in the election process to perform certain duties, the courts are bound to enforce it as mandatory. [Citations.] But, where the statute does not expressly

declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal. [Citation.]'" (*People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 39, 219 N.E.2d 617, 620.)

The language of the statute at issue here uses the word "shall" in reference to the candidate's oath and signature. In a statutory provision the word "shall" is generally regarded as mandatory, but has been held directory in a variety of cases construing election statutes. (See *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335; *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 39, 219 N.E.2d 617, 620; *Ballentine v. Bardwell* (1985), 132 Ill. App. 3d 1033, 1036, 478 N.E.2d 500, 503.) However, courts have usually found such statutory provisions directory (1) where to do so would validate an election after it has taken place without the occurrence of any improper voting (*People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617; *Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219, 418 N.E.2d 783; *Thomas v. Marcin* (1977), 51 Ill. App. 3d 82, 366 N.E.2d 416; *Gann v. Harrisburg Community Unit School District* (1966), 73 Ill. App. 2d 103, 218 N.E.2d 833; *Secco v. Chicago Transit Authority* (1954), 2 Ill. App. 2d 239, 119 N.E.2d 471), and (2) where the requirement of that provision is not related to content (*Ballentine v. Bardwell* (1985), 132 Ill. App. 3d 1033, 478 N.E.2d 500; *Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 430 N.E.2d 99). Thus, the use of the word "shall" in the subscription and oath provision of section 10—5 of the Election Code, referring to a preelection requirement and being content-related, is indicative of a mandatory provision.

Furthermore, in *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292, this court considered a similar issue. There, the circulator of the nominating petition did not certify under oath that he believed the signers gave their correct residence addresses as required by section 10—4 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—4). There, we stressed the significance of oaths to the application of the criminal perjury provision of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 29—10) and held that provision to be mandatory. Here, as in *Havens*, the oath required by section 10—5 of the Election Code activates the perjury provisions of the Code and is, for that reason, mandatory.

Respondents urge that the trial court exceeded the limits of its standard of review by not taking a deferential approach to the find-

ings of the electoral board. The procedure for judicial review provided in the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—10.1), while not expressly equivalent, is substantially the same as that provided by the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—110). The purpose of this review is to provide "a remedy against arbitrary or unsupported decisions. [Citation.]" (*Williams v. Butler* (1976), 35 Ill. App. 3d 532, 538, 341 N.E.2d 394, 398.) Thus, it is well settled that a decision of the electoral board should "not be reversed unless it is against the manifest weight of the evidence." *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 629, 432 N.E.2d 1333, 1335.

■■ ■ This court, likewise, is required to take a deferential approach to the factual findings made on disputed issues. (87 Ill. 2d R. 366(b)(1)(ii).) The controlling facts here are not disputed and the legal result of these facts is solely a question of law. "[T]he scope of our review on questions of law is independent, not deferential." (*Havens v. Miller* (1981), 102 Ill. App. 3d 558, 567, 429 N.E.2d 1292, 1298 (comparing Supreme Court Rule 366(b)(1)(i) (87 Ill. 2d R. 366(b)(1)(i)) with Rule 366(b)(1)(ii) (87 Ill. 2d R. 366(b)(1)(ii))).) As a matter of law we find the provisions of section 10—5 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—5), relating to the oath and subscription requirements, to be mandatory. Petitioner's failure to comply with this provision renders the statement of candidacy illegal and void.

For these reasons, stated herein, we conclude that the decision of the electoral board was proper and, therefore, the trial court erred in reversing that decision. Accordingly, we entered the order in this case reversing the trial court and directing that petitioner's name not appear on the official ballot.

Reversed.

McMORROW, P.J., and LINN, J., concur.