TOMMY CHAMBERS *et al.*, Plaintiffs-Appellants, v. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—87—0992

Opinion filed May 11, 1989.

William J. Cooley, of Chicago, for appellants.

Michael Levinson, of Board of Election Commissioners, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Tommy Chambers, Russell Leake, Edwin A. Hunter, Tiffany Greer, Benford Chambers, Edward White, Lemoyne Eloby, and Thelma Eloby bring this appeal seeking to reverse the order of the circuit court of Cook County granting defendants' motion to strike and dismiss their petition. Defendants are the Board of Election Commissioners of the City of Chicago and Michael Lavelle. The following issues are raised on appeal: (1) whether the trial court properly dismissed plaintiffs' complaint because it lacked the required specificity; (2) whether the local option question is prohibited by section 28—1 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 28—1); and (3) whether the local option question is unconstitutional.

We affirm.

On November 4, 1986, a local option election was held in the 18th precinct of the 21st ward in the City of Chicago. The purpose of the election was to determine whether sale of alcoholic beverages should be prohibited by retail liquor licensees within the 18th precinct. The canvass of the election returns completed on November 12, 1986, revealed that 148 "Yes" votes and 45 "No" votes were cast by the residents.

On December 12, 1986, plaintiffs filed a verified complaint in the circuit court of Cook County contesting the results of the local option election. On January 14, 1987, defendants filed a motion to strike and dismiss the complaint. Plaintiffs filed a response to the motion on January 30, 1987. On March 5, 1987, the trial court granted defendants' motion. This appeal followed.

Plaintiffs' first contention is that the trial court erred in dismissing their complaint. Plaintiffs argue that the trial court improperly relied on *In re Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982* (1983), 93 Ill. 2d 463. They allege that *In re Contest* is not only legally and factually distinguishable from the instant case, but that it does not apply where fraud is an issue.

■ The trial court expressly ruled in its March 5, 1987, order

that plaintiffs' petition lacked the specificity required by *In re Contest*. That case involved a challenge to the results of the November 2, 1982, election for Governor and Lieutenant Governor for the State of Illinois. Adlai E. Stevenson, plaintiff, challenged the canvass of the election and petitioned the court for a recount, pursuant to section 23—1.2 of the Election Code (Ill. Rev. Stat. 1981, ch. 46, par. 23—1.2) (hereinafter the Code). James R. Thompson and George H. Ryan, defendants, filed a motion to strike the petition, which was granted. The court, relying on *Zahray v. Emricson* (1962), 25 Ill. 2d 121, held that the allegations in the petition were insufficient and merely stated conclusions unsupported by specific facts. *Zahray* held that "while the pleadings in contest proceedings are not required to comply with the strict technical rules applicable in civil actions, there should be such strictness as will prevent the setting aside of the acts of sworn officials without adequate and well defined cause. [Citations.] Stated otherwise, there should be no reason for a recount of the votes unless there is a positive and clear assertion, allegation or claim that such a recount will change the result of the election." *Zahray*, 25 Ill. 2d at 124.

■ The complaint here fails to meet the pleading requirements of *In re Contest* and *Zahray*. Plaintiffs' complaint does not clearly assert or allege that a recount will change the result of the election. Rather, plaintiffs argue that the entire conduct of the election evidenced fraud and, therefore, must be invalidated. The alleged fraudulent acts included irregularities in the petition which placed the question on the ballot and electioneering. However, these allegations lack the specificity to support an election contest claim.

Plaintiffs rely on several fraudulent election contest cases to support their argument. In *Lehman v. Hill* (1953), 414 Ill. 173, the court invalidated the election based on the following fraudulent conduct: only 60 persons were entitled to assistance at the polls, but hundreds of voters were given assistance; one person who gave assistance was not entitled to do so; no affidavits or oaths were administered prior to giving assistance and hundreds of blank affidavits for assistance were included in the election supplies but later disappeared without explanation. In *Drolet v. Stentz* (1967), 83 Ill. App. 2d 202, the election judges failed to take voter applications for the first 2½ hours and thereafter commingled the good ballots with tainted ballots. As a result, it was impossible to segregate or mathematically compute the number of ballots illegally cast. The court found that the election was fraudulent and aborted the election results in the precinct at issue.

The above two cases involve specific, well-pleaded allegations to

support an election contest. However, in the present case, plaintiffs' allegations of election irregularities were conclusions of the pleaders and failed to set forth facts sufficient to warrant invalidating the election results. Thus, we agree with the trial court's finding that plaintiffs' complaint lacked the specificity required by *In re Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982* (1983), 93 Ill. 2d 463.

Plaintiffs further argue that there was a person stationed at the front door of the polling place who was attempting to influence electors to vote "Yes" on the proposition. They allege that such behavior constituted electioneering and is a basis for voiding the election.

■ Section 17—29 of the Code prohibits electioneering within 100 feet of a polling place (Ill. Rev. Stat. 1985, ch. 46, par. 17—29). This prohibition is directory—not mandatory—and its violation is not a sufficient basis to void an election. *Thomas v. Marcin* (1977), 51 Ill. App. 3d 82, 84.

Plaintiffs next contend that section 28—1 of the Code (Ill. Rev. Stat. 1985, ch. 46, par. 28—1) permits only three public questions per election. They argue that the local option referendum concerning the sale of liquor by retail liquor licensees was the fourth question and impermissibly submitted to the voters. For this reason, plaintiffs claim the voters of the 18th precinct were confused and overburdened with too many questions.

Section 28—1 of the Code states, in relevant part, as follows:

> "If more than 3 propositions are timely initiated or certified for submission at an election with respect to a political subdivision, the first 3 validly initiated, by the filing of a petition or by the adoption of a resolution or ordinance of a political subdivision ***, shall be printed on the ballot and submitted at that election." (Ill. Rev. Stat. 1985, ch. 46, par. 28—1.)

A political subdivision is defined in the Code as "any unit of local government, or school district in which elections are or may be held." (Ill. Rev. Stat. 1985, ch. 46, par. 1—3(6).) An election district or precinct "means the smallest constituent territory in which electors vote as a unit at the same polling place in any election governed by this Act." Ill. Rev. Stat. 1985, ch. 46, par. 1—3(13).

■ Given the fact that the drafters intentionally defined a political subdivision and an election district, it is clear that the three-question limitation is applicable only to a political subdivision. Moreover, section 28—1 specifically refers to "political subdivision"; it is silent as to an "election district." Therefore, we find that the limitation of three public questions per election does not apply in an election dis-

trict or precinct.

Plaintiffs' final contention is that the local option question is unconstitutional. They argue that the question is vague and ambiguous on its face and, therefore, not understood by the electors in the 18th precinct.

■■ The language of the question is verbatim from section 9—6 of the Liquor Control Act of 1934, which states as follows:

"Shall the sale at retail of alcoholic liquor (*** containing more than 4% alcohol by weight in the original package and not for consumption on the premises) be prohibited in [the 18th precinct of the 21st ward]?" (Ill. Rev. Stat. 1985, ch. 43, par. 171.)

"A statute will not be held to be unconstitutionally vague so long as its terms are of sufficient specificity to serve as a guide to those to whom it applies." (*People v. Guzzardo* (1979), 69 Ill. App. 3d 252, 257.) We find that the ballot format was of the required specificity to guide the electors in the 18th precinct and was not unconstitutional. Hence, we agree with the decision of the trial court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.