ALVIN D. WELCH *et al.*, Plaintiffs-Appellants, v. DAVID N. JOHNSON *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—91—0909

Opinion filed May 14, 1991.

DiVITO, J., dissenting.

Nathaniel R. Howse, Jr., of Chicago, for appellants.

Richard F. Friedman and Ernesto D. Borges, Jr., both of Chicago, for appellee David N. Johnson.

James D. Montgomery & Associates, Ltd., of Chicago (Jean M. Templeton, of counsel), for appellee Harvey Municipal Officers Electoral Board.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs appeal the circuit court's grant of summary judgment in favor of defendant, David N. Johnson (Johnson), finding that his statement of economic interests, as amended, met all statutory requirements. The appeal raises as issues whether (1) the original omissions on Johnson's statement of economic interests must result in ineligibility for, or forfeiture of, the mayoralty of the City of Harvey, (2) Johnson's amended statement of economic interests relates back to the date on which he filed his original statement, and (3) evidence was improperly submitted and considered at the March 15, 1991, hearing. In the interests of timeliness, we have already ruled upon the issues presented in this appeal. As indicated in our order of reversal issued on April 19, 1991, our reasons were to be set forth in an opinion, which now follows.

The City of Harvey mayoral election was to take place on April 2, 1991. Johnson, the incumbent mayor, sought inclusion on the 1991 mayoral ballot. Damon Rockett, a plaintiff in this case, was one of the other five candidates for mayor of Harvey. Alvin Welch, also a plaintiff, is a resident and legal voter in that city.

On January 22, 1991, Johnson timely filed his statement of economic interests in the office of the Cook County clerk, as required by the Illinois Election Code. (See Ill. Rev. Stat. 1989, ch. 46, par. 10—6 (Election Code).) Item number seven on the statement required a candidate to list the name of any unit of government by which he was employed during the preceding year, other than the unit of government related to his candidacy. Johnson wrote "none" in response to that item. Johnson also wrote "none" in response to question number eight, which sought disclosure of any honoraria in excess of $500 received during the preceding year.

On February 1, 1991, plaintiffs filed a verified complaint for a declaratory judgment and injunctive relief, requesting that Johnson's nominating papers be declared void and that his name not appear on the 1991 mayoral ballot. Plaintiffs claimed that Johnson failed to indicate on his statement of economic interests that he was employed by Community College District 510 (District 510), an independent unit of government. His statement, therefore, was allegedly false and incomplete. Johnson thereafter filed an amended statement of economic interests with the Cook County clerk on February 5, 1991, which listed his employment with District 510 and also disclosed that he had received an honorarium during the previous year in excess of $500.

Plaintiffs filed a petition for a temporary restraining order and preliminary injunction seeking to enjoin placement of Johnson's name on the mayoral ballot. Johnson in turn filed his objections to plaintiffs' petition, in which he averred that he inadvertently entered "none" in response to question seven on the statement of economic interests. He indicated that the correct response should have been "Board of Trustees of Community College District No. 510," which body had employed Johnson as a tenured professor at South Suburban College for the past 18 years. Concurrent with his objections, Johnson filed a motion to strike and dismiss plaintiffs' complaint.

At the hearing on March 15, 1991, the circuit court denied Johnson's motion to dismiss plaintiffs' complaint. Johnson then immediately tendered an answer to the complaint. Plaintiffs moved for judgment on the pleadings, or alternatively, summary judgment. Following further argument, the court granted plaintiffs' motion for judgment on the pleadings. Johnson was then allowed to make an offer of proof as to his state of mind in completing the statement of economic interests. Through the testimony of Johnson and Frank Piekarski, a City of Harvey commissioner, it was adduced that Johnson's employment with South Suburban College was known throughout the community. He lectured extensively before organizations in Harvey and else-

where, and his position with the college had been noted in the press. Further, his campaign literature disclosed his employment and activities with District 510. Following the offer of proof, the court took the matter under advisement.

On March 19, 1991, the circuit court entered a written judgment summarizing the proceedings to date, ruling on all pending motions, and denying plaintiffs' motion for a temporary restraining order and preliminary injunction. The court found that, in light of the offer of proof, Johnson did not intend to falsify his statement of economic interests or mislead voters regarding his employment by District 510. The statement filed on January 22, 1991, together with the amended statement, satisfied the requirements of the Election Code. Plaintiffs' motion for judgment on the pleadings, which previously had been granted, was denied by the court in a modification of its prior ruling. Summary judgment, instead, was granted in favor of Johnson.

Plaintiffs filed their motion for reconsideration on March 21, 1991. At the hearing, they provided affidavits of 93 voters registered in the City of Harvey who had been unaware of Johnson's employment with South Suburban College. The court denied the motion, and this appeal followed.

The mayoral election was held as scheduled on April 2, 1991, with Johnson emerging as the winner by 12 votes. Plaintiffs had appealed on March 21, 1991, and moved for expedited consideration, which was granted.

## I

Plaintiffs first argue that Johnson's name should have been removed from the mayoral ballot because he provided inaccurate information on his statement of economic interests.

■■ ■ The Election Code requires a political candidate's petition for nomination to include a statement of economic interests, to be filed with the county clerk, as prescribed by the Illinois Governmental Ethics Act (Ethics Act) (Ill. Rev. Stat. 1989, ch. 127, par. 601—101 *et seq.*). Failure to file such statement results in the invalidity of the candidate's nomination papers. (Ill. Rev. Stat. 1989, ch. 46, par. 10—5(3).) The Ethics Act states in relevant part:

> "Any person required to file a statement of economic interests under this Article who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor.
>
> Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of

employment, as the case may be ***." (Ill. Rev. Stat. 1989, ch. 127, par. 604A—107.)

The starting point in ascertaining legislative intent is in the language of the statute itself. (*Serwinski v. Board of Election Commissioners* (1987), 156 Ill. App. 3d 257, 259, 509 N.E.2d 509.) The statute, on its face, makes clear that willful misstatements or omissions violate the Act. Further, a complete failure to file the statement makes the candidate ineligible for office. The statute, however, is silent on the question of whether an inadvertent omission on an economic disclosure statement requires ineligibility for, or forfeiture of, office.

In *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 446 N.E.2d 256, plaintiff filed a statement of economic interests in connection with his candidacy for alderman of Chicago's third ward. On the statement, however, plaintiff wrote "3rd Ward" next to his name and did not make any other reference to the office which he was seeking. The court said that candidates were required to comply with section 4A—104 of the Ethics Act (Ill. Rev. Stat. 1989, ch. 127, par. 604A—104), which, when read together with section 10—5 of the Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 10—5(3)), made mandatory the inclusion of the office sought. The designation made by plaintiff did not describe the office of alderman for the third ward, and his name was struck from the ballot. *Jones*, 112 Ill. App. 3d at 929-30.

In *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292, candidates for the board of Homewood-Flossmoor School District 233 filed their statements of economic interests with the secretary of the school board rather than with the county clerk. The candidates also failed to include certain information on the circulator's affidavit contained in their nominating petitions. The court strictly construed the provisions of the Election Code and held that the candidates violated a mandatory statutory provision. Although these deficiencies appeared to be "technical violations," the reviewing court held that the laws had been designed to protect the integrity of the electoral process rather than a bureaucratic interest. The names of the candidates, therefore, were removed from the ballot. *Havens*, 102 Ill. App. 3d at 567-69.

Other cases have also provided instances where candidates were removed from office or struck from the ballot based on omissions, misstatements, or inaccuracies on their statements of economic interests and on other documents in connection with their candidacy. See *Bolger v. Electoral Board* (1991), 210 Ill. App. 3d 958; *Serwinski*, 156

Ill. App. 3d 257; *Miceli v. Lavelle* (1983), 114 Ill. App. 3d 311, 448 N.E.2d 989.

■ Provisions imposing disqualification of candidates must be construed strictly in favor of eligibility. (*Bryant v. Cook County Electoral Board* (1990), 195 Ill. App. 3d 556, 558, 553 N.E.2d 25.) The State, however, has been held to have a compelling interest in preserving the integrity of the electoral process and in regulating the number of candidates on the ballot. *Richards v. Lavelle* (1980), 620 F.2d 144, 147; *Havens*, 102 Ill. App. 3d at 571.

■ In this case, it is undisputed that Johnson's responses to questions seven and eight on his original statement of economic interests were incorrect. Although it may be inferred from the evidence that he did not willfully make the misstatements, the statute provides only that he is not subject to criminal liability in such a case. Johnson, nevertheless, has failed to comply with requirements prescribed by Illinois statute, and his name should not have appeared on the mayoral ballot.

■ The dissent states that "there is *no* statutory provision for inadvertent omissions or misstatements." (Emphasis in original.) (214 Ill. App. 3d at 487.) The Election Code, however, explicitly provides that a candidate's nomination papers *are not valid* if he "fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act." (Ill. Rev. Stat. 1989, ch. 46, par. 10—5(3).) The Ethics Act, in turn, requires a *verified* disclosure statement which is "*true, correct, and complete.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 127, par. 604A—104; see *Troutman v. Keys* (1987), 156 Ill. App. 3d 247, 252, 509 N.E.2d 453; *Havens*, 102 Ill. App. 3d at 568.) Although section 4A—107 of the statute provides simply that "[f]ailure to file a statement within the time prescribed" (Ill. Rev. Stat. 1989, ch. 127, par. 604A—107) will result in the appropriate sanction, this language implies that the candidate's statement be free of omissions and misstatements. If this were not the case, disclosure provisions would serve no purpose and the statement of economic interests would be of no use to the public. Further, Johnson's preelection publicity, campaign literature, and general reputation throughout the community cannot serve as substitutes for truthful and accurate disclosures on the statutorily required statement of economic interests. (See *Hoogasian v. Regional Transportation Authority* (1974), 58 Ill. 2d 117, 126, 317 N.E.2d 534.) Johnson's initial filing, therefore, is akin to a failure to file the requisite statement.

■ Johnson argues that his misstatement should be ignored because the document "was prepared in haste and was not thoroughly

read." Were we to accept his argument, we might encourage others in the future to be less than candid in completing the statement. Johnson signed the verification on the statement, attesting that it had "been examined by [him] and to the best of [his] knowledge and belief is a true, correct and complete statement of [his] economic interests." (Ill. Rev. Stat. 1989, ch. 127, par. 604A—104.) That statement is not a mere formality and cannot be treated as such. A candidate's statement of economic interests is important because "[t]he public has a right to know of any financial dealings, however indirect, between a candidate and the unit of government in which he seeks office [and] *** the Election Code [is] designed to facilitate that right." (*Jones,* 112 Ill. App. 3d at 930.) The sanction imposed here is in furtherance of the State's legitimate interest in protecting the integrity of the electoral process by requiring candidates to comply strictly with the election laws. See *Havens,* 102 Ill. App. 3d at 571.

## II

■■ Johnson's amended statement, which was filed 14 days after the deadline, did not serve to cure the defect in his original filing. The Election Code does not provide for an amended statement of economic interests, and Johnson has provided no authority to support his argument that the amended filing relates back to the date of the original filing. Johnson, in effect, asks this court to hold that a candidate for public office may amend his statement of economic interests and refile after the applicable deadline. Such a ruling, however, would be tantamount to legislation. Although courts ascertain the meaning of and give effect to every valid act of the legislature, they cannot add language, supply omissions, or remedy defects in matters committed to the legislature, however practical, desirable, or beneficial the outcome. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 402, 515 N.E.2d 1222; *Alexander v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 515, 518, 519 N.E.2d 1092.) The legislature has provided for amended filing of documents even after lapse of the statutory limitations period in situations where it has seen fit to do so. (See, *e.g.,* Ill. Rev. Stat. 1989, ch. 110, par. 2—616 (amended pleadings).) Johnson's amended statement, therefore, did not satisfy the prevailing statutory filing requirements.

## III

Plaintiffs also challenge Johnson's offer of proof made at the March 15, 1991, hearing. At that hearing, Johnson tendered his answer to plaintiffs' complaint, and plaintiffs immediately moved for

judgment on the pleadings or summary judgment. The court granted plaintiffs' motion for judgment on the pleadings. Johnson's attorney thereafter made an offer of proof as to Johnson's intentions in filling out the statement. Johnson and a City of Harvey commissioner testified. At the close of the evidence, which established that Johnson's employment with District 510 was known throughout Harvey, the court indicated that the original order favoring plaintiffs was entered, but that the case was taken under advisement with regard to the offer of proof. In the March 19, 1991, order, the court vacated the prior order and granted summary judgment in favor of Johnson.

■ A motion for judgment on the pleadings tests the legal sufficiency of the complaint. (*Freeport Construction Co. v. Star Forge, Inc.* (1978), 61 Ill. App. 3d 999, 378 N.E.2d 558.) An offer of proof in connection with such a motion, therefore, is improper. The pleadings raise only a question of law, and the evidence which Johnson submitted in his offer of proof was improper for a disposition on the pleadings alone.

Johnson argues that the offer of proof constituted a motion to vacate judgment pursuant to section 2–1203 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2–1203(a).) No such motion, however, was filed by Johnson.

Because Johnson violated a provision of the Election Code, the circuit court erred when it granted summary judgment in his favor. Accordingly, we entered the order in this case which reversed the March 19, 1991, judgment order, voided the Harvey mayoral election, and remanded the matter to the circuit court with instructions to direct the county clerk to order a special election.

Reversed.

COCCIA, J., concurs.

JUSTICE DiVITO, dissenting:

I respectfully dissent. There is no question that the filing of a statement of economic interests is a statutory requirement for candidacy for public office in Illinois. Ill. Rev. Stat. 1989, ch. 46, par. 10–5(3).

Where the majority and I differ is in interpreting the only statutory provision—a total of two sentences—which provides the only sanctions for doing something or doing nothing in connection with statements of economic interests:

"Any person required to file a statement of economic interests under this Article who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor.

Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment, as the case may be ***." Ill. Rev. Stat. 1989, ch. 127, par. 604A—107.

These provisions plainly provide two sanctions relating to statements of economic interests; one is penal, the other is disqualification from office. The willful filing of a false or incomplete statement subjects a person to a Class A misdemeanor charge; failure to file a statement in a timely fashion results in "ineligibility for, or forfeiture of, office." Period.

The majority states that the provision requiring timely filing "implies that the candidate's statement be free of omissions and misstatements." (214 Ill. App. 3d at 484.) On the contrary, not only is that implicit requirement absent, there is *no* statutory provision for inadvertent omissions or misstatements. The only provision which addresses false or incomplete statements explicitly refers to willful conduct—and provides a penal sanction for its violation. In ascertaining legislative intent through the language of the statute itself, which, as the majority points out, is the correct starting point, the appropriate conclusion is that the General Assembly intended exactly what it provided: a criminal sanction for a willfully false or incomplete statement and disqualification for no statement or an untimely one.

In my opinion, in its holding that a candidate is ineligible for office for filing a statement containing inadvertent errors, the majority disregards clear and unambiguous statutory provisions which leave no room for interpretation. Though the General Assembly and the citizens of this State have a right to expect candidates to file truthful statements of economic interest, the General Assembly has not provided for office ineligibility or forfeiture for omissions or misstatements. If, as the majority states, the sanction imposed "is in furtherance of the State's legitimate interest in protecting the integrity of the electoral process by requiring candidates to comply strictly with the election laws," the General Assembly could have specifically provided for it.

The majority correctly points out that provisions imposing disqualification of candidates must be construed strictly in favor of eligibility. I suggest that this court should not create a disqualification where the General Assembly has not done so. I would affirm the judgment of the circuit court.