*In re* PETITION TO FORM THE SOUTH PRAIRIE PARK DISTRICT (Robert Widman *et al.*, Petitioners-Appellees, v. The Village of Seneca, Objector-Appellant).

Third District No. 3—91—0322

Opinion filed January 27, 1992.

S. Michael Mason, of Marseilles, for appellant.

Arthur C. Thorpe, of Klein, Thorpe & Jenkins, Ltd., of Chicago, and
Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa (E. Kenneth Friker
and Andrew J. O'Conor, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:
This appeal arises as a result of certain objections to the forma-
tion of the South Prairie Park District in La Salle County. We find no
error on the part of the circuit court and therefore affirm.
On March 28, 1989, a petition was filed by the appellees, Robert
Widman et al., to form the South Prairie Park District. The petition
requested a public hearing on the subject of the petition and that the
issue be presented to the voters at the November 7, 1989, election.
On July 20, 1989, the circuit court dismissed the petition for failure to
conform with the notice requirements of section 28–2 of the Election
Code (Ill. Rev. Stat. 1989, ch. 46, par. 28–2). This court subsequently
reversed and remanded the cause for further proceedings. In re Peti-
tion To Form The South Prairie Park District (1990), 202 Ill. App.
3d 765, 559 N.E.2d 1076.
On November 26, 1990, the appellees filed a motion to reinstate
the case and set the matter for a hearing, which was granted. Subse-
quently, appellant, the Village of Seneca, filed a motion to dismiss and
objections to the petition to form a park district, wherein the village
raised two objections. First, the village contended the petition was
moot because it requested the issue be presented to the voters at the
November 7, 1989, election, a date which had already passed. Second,
the village asserted the proposed boundaries of the park district were
unreasonable.
Following a hearing on December 27, 1990, the circuit court de-
nied the village's objections and ordered the question certified for
placement on the ballot at the April 2, 1991, election. Following the
election, the Village of Seneca filed a motion to find the question of
public policy failed. The village contended that under the provisions of
section 2–7 of the Park District Code (Ill. Rev. Stat. 1989, ch. 105,
par. 2–7) the measure was defeated.
On April 9, 1991, the circuit court denied the village's motion,
found the question had been approved, and that the South Prairie

Park District was thereby organized and established. The village appeals from the circuit court orders of December 27, 1990, and April 9, 1991.

■ On appeal, the village contends the trial court erred in restricting the evidence of reasonableness to the statutory criteria found in section 2—1 of the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 2—1). Section 2—1 states: "Any territory having less than 500,000 population and so lying as to form one connected area (no portion of which shall be already included in an incorporated park district except in the cases provided for in Section 2—2.1) may be incorporated as a park district, hereinafter referred to as a 'General Park District.' "

Section 2—4 provides in pertinent part: "If the circuit judge finds, upon such hearing, that the petition meets the requirements of this Act and the general election law, and that the boundaries as defined are reasonable boundaries for the formation of a park district or districts, he shall order the question submitted to referendum ***." Ill. Rev. Stat. 1989, ch. 105, par. 2—4.

■ The statute allows any territory having a population of less than 500,000, encompassing one connected area, and which is not included in an incorporated park district (with exceptions) to be incorporated as a park district. Under section 2—4, the circuit court is charged with determining whether the proposed boundaries are reasonable. We find the trial court need not allow additional live testimony concerning the reasonableness issue. The reasonableness of the proposed park district boundaries can be readily determined from the plat and other documents filed with the petition. In the instant case, the circuit court made such a determination, and we find no error in that decision.

■ Next the village asserts the trial court erred in ordering certification of the proposition for the April 2, 1991, election when the petition requested November 7, 1989. The village relies on the following provision of the Election Code: "A petition, resolution or ordinance initiating a public question which specifies a particular election at which the question is to be submitted shall be so limited, and shall not be valid as to any other election, other than an emergency referendum ordered pursuant to Section 2A—1.4." (Ill. Rev. Stat. 1989, ch. 46, par. 28—2.) The issue presented is whether the provision is mandatory or directory in nature.

Generally, an election should be held at the time and in the place provided by law in order that it have validity. (*Gann v. Harrisburg Community Unit School District* (1966), 73 Ill. App. 2d 103, 218

N.E.2d 833.) In *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617, the supreme court stated: " 'Whether a statute is mandatory or directory does not depend upon its form but upon the legislative intention to be ascertained from a consideration of the entire act, its nature, its object and the consequences which would result from construing it one way or the other.' [Citations.] Where a statute provides that an election shall be rendered void by failure of those involved in the election process to perform certain duties, the courts are bound to enforce it as mandatory. [Citations.] But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal." *Kerner*, 35 Ill. 2d at 39, 219 N.E.2d at 620.

In the instant case, the proposition could not be presented to the voters on November 7, 1989, as a result of the objections raised and the subsequent appeals process. This court did not issue its mandate until October 5, 1990. The delay in setting a date for the election was not brought about in any way by the actions of the appellees. The election on the proposition was set at the earliest proper date following our remand. The village has made no claim of fraud, nor that the election was affected by this action. As a matter of policy, it would be troubling if objectors could easily render a petition invalid by means of lengthy, unrelated legal action.

In addition, the provision cited by the village concerns the validity of the petitions, not the election itself. Under section 28—2, when a petition specifies a particular election, that petition is not valid for any other election. This does not say or even imply that an otherwise valid election is rendered void by failure to strictly comply with this provision. At present, the proposition in the instant case has been voted on by the electorate and approved by a wide majority. We note that the village waited until after the election to raise this issue with this court.

We find *Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219, 418 N.E.2d 783, readily distinguishable. In *Korte-Reinheimer*, no election had taken place at the time of appeal. The case involved numerous proposed and tentative election dates. In the context of that case, the court believed that circulating new petitions would not prejudice the petitioners. In the instant case, an otherwise valid election has been held and the measure approved. We are hesitant to render the decision of the electorate on this issue invalid, without a stronger

expression of legislative intent. Under the circumstances, we find no error on this issue.

■ The village contends the proposition failed to carry under the provisions of section 2—7 of the Park District Code. Section 2—7 provides in pertinent part: "[W]here a referendum has been held to organize any territory as a park district under this Act at which a majority of the votes cast in the territory proposed to be organized was against the organization of such park district, then in any subsequent referendum to organize a park district, held within 2 years of the date of the previous referendum, which includes any of the territory included in such previous referendum, if a city, village or incorporated town is included in the territory proposed as a district, no such district shall be deemed to be organized unless a majority of the votes cast within the limits of each such city, village or incorporated town and also a majority of the votes cast outside the limits of each such city, village or incorporated town, shall be in favor of the establishment of such district." Ill. Rev. Stat. 1989, ch. 105, par. 2—7.

The village asserts section 2—7 applies because two elections were held within two years of April 2, 1991, on proposed park districts which included portions of territory included in the South Prairie Park District. Those proposals were defeated. The proposed South Prairie Park District included part of the Village of Seneca. On April 2, 1991, only three votes were cast in the village and they were against the proposition. Therefore, the village argues, under the terms of section 2—7 the proposition failed because it failed to carry a majority in the Village of Seneca.

The circuit court rejected this argument, finding the instant petition to form the South Prairie Park District was filed prior to the two petitions initiating the previous elections.

The record shows a petition to form the Illinois River Valley Park District was filed on June 22, 1989, that a referendum was held on November 7, 1989, and the proposal defeated. On November 17, 1989, a petition was filed to form the Indian Trails Park District. A referendum on the measure was held March 20, 1990, and defeated.

Generally, the first petition to be filed proposing the formation of a park district is entitled to priority. (*In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 385 N.E.2d 67.) In the present case, the instant petition was pending before the courts at the time the subsequent petitions were filed and the referenda held. We hold that the "previous referendum" referred to in section 2—7 means a valid referendum taking place prior to the filing of a petition. The cited referenda did not take place before the filing of the instant

petition; therefore, the cited provisions of section 2—7 do not apply to this case.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY, P.J., and SLATER, J., concur.