*In re* PETITION TO FORM THE SOUTH PRAIRIE PARK DISTRICT (Robert Widman *et al.*, Petitioners-Appellants, v. Roland Full *et al.*, Objectors-Appellees).

Third District   Nos. 3—89—0475, 3—89—0544 cons.

Opinion filed August 27, 1990.

E. Kenneth Friker and David A. Izzo, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, and Andrew J. O'Conor, of Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa, for appellants.

No brief filed for appellees.

JUSTICE BARRY delivered the opinion of the court:

This appeal arises from the trial court's dismissal of a petition filed by Robert Widman *et al.*, for the formation of the South Prairie Park District. We reverse.

Initially, we note that the objectors, Roland Full and M.H. Spicer, Inc., have not submitted an appellee's brief. Nevertheless, where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The petition for the formation of the South Prairie Park District was filed on March 28, 1989. It sought to have the matter of the organization of the park district submitted to the voters at the November 7, 1989, general election. Also filed with the petition was the affi-

davit of David A. Izzo, stating that a notice of intent to petition for the formation of the South Prairie Park District had been delivered to the Daily Times newspaper for publication. The notice of the petition to form the park district was published in the June 22, 1989, edition of the Daily Times.

On June 30, 1989, the objectors filed a motion to dismiss the petition, alleging that it failed to conform with the notice requirement set forth in section 28—2 of the Election Code (Code) (Ill. Rev. Stat. 1989, ch. 46, par. 28—2), since it was filed prior to the publication of the notice. Following a hearing on this matter, the trial court dismissed the petition, finding that it was defective for failing to conform with section 28—2 of the Election Code.

Section 28—2 of the Code provides in pertinent part:

"A petition for the incorporation or formation of a new political subdivision whose officers are to be elected rather than appointed must have attached to it an affidavit attesting that at least 108 days and no more than 138 days prior to such election notice of intention to file such petition was published in a newspaper published within the proposed political subdivision, or if none, in a newspaper of general circulation within the territory of the proposed political subdivision in substantially the following form:

NOTICE OF PETITION TO FORM A NEW _____

Residents of the territory described below are notified that a petition will or has been filed ***." Ill. Rev. Stat. 1989, ch. 46, par. 28—2.

We further note that section 2—2 of the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 1—1 *et seq.*) provides in relevant part:

"The petition must include an affidavit attesting that notice of intent to petition for formation of a park district has been published as required by the general election law." Ill. Rev. Stat. 1989, ch. 105, par. 2—2.

On appeal, the petitioners contend that the trial court erred in dismissing their petition. Specifically, they argue that a petition may be filed before the publication of notice to the residents since the form of the notice contained in section 28—2 states that "a petition will or has been filed."

This same issue was addressed by the court in *In re Organization of Algonquin Park District* (1982), 103 Ill. App. 3d 1056, 432 N.E.2d 306. There, the court held that the language of the notice requirement contained in section 28—2, that "a petition will or has been filed," indicated that the petition could be filed prior to the publication of the

notice. In addition, the court stated that the reason for the statutory requirement of notice was to notify the residents of the proposed park district of a referendum to establish a new park district. The court therefore held that as long as the residents were given notice, the petition need only substantially comply with the technical requirements of the election law.

■ We agree with this decision and therefore hold that as long as the statutory requirements have been substantially met, a petition may be filed with a circuit court prior to publication of notice to the residents. In the instant case, when the petition was filed on March 28, 1989, there was an affidavit attached which stated that a notice of intent to petition for the formation of a new park district had been delivered to the Daily Times. The record shows that the notice to the residents was published in the Daily Times on June 22, 1989, exactly 138 days prior to the November 7, 1989, election. We therefore find that the filing of the petition with Izzo's affidavit and the subsequent publication substantially complied with the aforementioned statutes.

Accordingly, the judgment of the circuit court of La Salle County is reversed, and the cause is remanded for further proceedings consistent with our findings.

Reversed and remanded.

HEIPLE, P.J., and STOUDER, J., concur.