(No. 40174.—

THE PEOPLE *ex rel.* Robert M. Bell, Petitioner, *vs.* PAUL POWELL, Secretary of State, Respondent.

*Announced September 21, 1966; filed October 11, 1966.*

EAGLE & EAGLE, of Rock Island, for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for respondent.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Petitioner, Robert M. Bell, has been granted leave to file an original petition for *mandamus* against Paul Powell, Secretary of State, to compel acceptance of certification of petitioner as a candidate for Associate Circuit Judge of the Fourteenth Judicial Circuit.

On August 12, 1966, the chairman of the Rock Island County Republican Central Committee issued a call for a convention to nominate a candidate for the office of Associate Circuit Judge of Rock Island County to be held on August 23, 1966. Following the convention on that day the chairman forwarded a copy of the call of the convention, together with a certificate that petitioner had been nominated at the convention. On August 29, 1966, the Secretary of State refused to accept the nomination because the call for the convention had not been filed in his office within the time prescribed by statute.

Section 9—5 of the Election Code, (Ill. Rev. Stat. 1965, chap. 46, par. 9—5,) provides that the chairman of the county central committee of each political party shall file in the office of the Secretary of State within the time specified in section 9—5.4 a call for the convention of his party for nomination of associate judge of the circuit court. Under section 9—5.4 the call for the convention to nominate a candidate for the office of associate judge of the circuit court is to be filed not less than 88 days prior to the date of the general election. The time designated in the call for

holding the convention shall not be more than 78 days nor less than 70 days prior to the election.

Section 9—6 provides that nomination shall be duly certified to the Secretary of State by the presiding officer of the convention and attested by its secretary. It further provides that not less than 57 days before the election the Secretary of State shall certify to the county clerk the name of the person nominated as shown by the certificate of nomination.

The answer of the Secretary of State points out failure to comply with the statute in two respects. First, the call of the convention was not filed 88 days prior to November 8, 1966, the date of the election, and, second, the certification of nomination of the petitioner was signed only by the chairman and was not attested by the secretary.

This raises an issue similar to that involved in *People ex rel. Meyer* v. *Kerner,* 35 Ill.2d 33, decided on September 13, 1966. There, the question was whether the provision of the statute that a certified copy of a resolution fixing the number of party candidates for representative be filed within two days of its passage was directory or mandatory. It was pointed out that when a statute provides that an election shall be rendered void by the nonperformance of certain duties by election officials, the courts are bound to enforce such duties as mandatory. We went on to say, "But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal." See also *People ex rel. Harris* v. *Powell,* post., p. 384, adopted this day.

The pupose of the statute here involved, like the statute in the *Meyer* case, is to ensure that election officials be furnished with the names of candidates in ample time for the several election officials to prepare for the election.

384

The answer does not allege fraud, nor does it assert that the call was not made in apt time, nor that the convention was not held at the time and place designated in the call, nor that the petitioner was not nominated by the convention, nor that the unattested certification by the chairman was untrue. There is no showing that anyone has been prejudiced or harmed, or that the merits of the election will be adversely affected, or that the election officials cannot comply with their statutory duties. We are of the opinion that the name of petitioner should appear on the ballot as a nominee for the office of Associate Judge of the Circuit Court.

In view of this holding, it is unnecessary to pass upon the legality of petitioner's subsequent nomination to fill any vacancy for the office he seeks by the Managing Committee of the Republic Central Committee on September 1, 1966. A writ of *mandamus* was ordered to issue by this court on September 21, 1966, reading as follows: "A writ of mandamus is hereby awarded directing the respondent, Paul Powell, Secretary of State of the State of Illinois, to certify to the County Clerk of Rock Island County the name of Robert M. Bell as a candidate for the office of Associate Judge of the Fourteenth Judicial Circuit under the provisions of Chapter 46, Sec. 9—6, Ill. Rev. Stat. 1965, as interpreted by this Court. An opinion will follow." This opinion explains the reasons for directing issuance of the writ.

*Writ heretofore awarded.*