(No. 40192.—■■■■■■)

THE PEOPLE *ex rel.* Kenner Harris, Petitioner, *vs.* PAUL POWELL, Secretary of State, Respondent.

*Announced September 21, 1966; filed October 11, 1966.*

O'Brien & Stoffel, of Galesburg, for petitioner.

William G. Clark, Attorney General, of Springfield, (John J. O'Toole and Richard A. Michael, Assistant Attorneys General, of counsel,) for respondent.

Mr. Justice House delivered the opinion of the court:

This is the third *mandamus* action filed this term because of the failure of party officials to comply with the Election Code in connection with the certification of various candidates for offices of their parties. In each of the cases we allowed motions authorizing the filing of original petitions for writs of *mandamus*.

The first case was *People ex rel. Meyer* v. *Kerner,* 35 Ill.2d 33, adopted by this court on September 13, 1966. In that case, the statute provided for the filing of a certified copy of a resolution fixing the number of Republican candidates for representative in the Illinois General Assembly for the 28th Representative District within two days after action by the Representative Committee, and the resolution was not filed in apt time. We there held that the provision for the filing within two days was directory rather than mandatory.

The second case, entitled *People ex rel. Bell* v. *Powell, ante.,* p. 381 (also adopted this day) is very similar to the one

now before us. There the call for the election was filed later than the date fixed by the Election Code and the certificate of nomination of petitioner as the Republican candidate for associate circuit judge was signed by the chairman only. In this case no call was ever filed with the Secretary of State. However, a certificate signed by both the chairman and the secretary of the convention certified that petitioner was nominated as a Democratic candidate for Circuit Judge in the Ninth Judicial Circuit of the State of Illinois.

The facts are not in dispute. Prior to August 12, 1966, the chairman of each of the county central Democratic committees of the counties of Knox, Warren, Henderson, Hancock, McDonough, and Fulton, issued calls in their respective counties for a nominating convention to nominate a candidate from the Ninth Judicial Circuit for the office of Circuit Judge of that circuit, designating August 12, 1966, as the date for holding the convention and fixing the place. The convention was held and petitioner was unanimously nominated as the Democratic candidate for Circuit Judge in the Ninth Judicial Circuit. On August 17, 1966, the chairman and secretary of that convention filed a certificate of nomination of petitioner. On August 22, 1966, the Secretary of State refused to file the certificate of nomination because no call was filed in his office.

Section 9—5 of the Election Code (Ill. Rev. Stat. 1965, chap. 46, par. 9—5,) provides that the chairmen of the county central committees of the counties within a judicial circuit, or a majority thereof, shall file in the office of the Secretary of State calls for the conventions of their respective parties. Section 9—5.3 provides that the call for a convention to nominate candidates for the office of circuit judge shall be filed not later than 102 days prior to the date of the general election and the time designated in the call shall be not more than 92 days prior to such election date nor less than 84 days prior thereto. As we said in *Meyer* and *Bell,* "Where a statute provides that an election shall be

rendered void by failure of those involved in the election process to perform certain duties, the courts are bound to enforce it as mandatory." We further said in *Bell,* quoting from *Meyer,* "But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal."

Again, as in *Bell,* the failure to strictly comply with the several sections of the Election Code did not involve fraud, the nomination of the petitioner was not questioned, and there is no claim that the merits of the election will be adversely affected or that the election officials cannot comply with their statutory duties. Under these circumstances, we are of the opinion that the statutory direction for the advance filing of the call is directory, and that failure to file the call did not invalidate the nomination of petitioner by the convention.

"It is not intended, of course, that directory provisions may be disregarded. All the requirements of election laws are mandatory in the sense that they impose the duty of obedience on those who come within their purview. But it does not follow from this that every departure or omission should vitiate the ballot or proceeding in question." *Hester* v. *Kamykowski,* 13 Ill.2d 481, 485.

The filing of such a call is a salutary one. It prevents the certification by party officials of persons nominated by "rump" conventions, and the confusion that naturally follows. By merely following the statute, the Secretary of State would have been relieved of the necessity of refusing the certification, and recourse to this court would have been unnecessary.

While the laxity and carelessness of party officials in the carrying out of their statutory duties, as exemplified by these cases, are not condoned, it would be unfair to their political parties to let the elections go by default. Further-

388

more, in this as well as the *Bell* case, it would be most unfair to the nominees of the respective conventions to be denied a place on the ballot although it was the will of their parties, expressed through their conventions, that the petitioners be candidates.

A writ of *mandamus* was ordered to issue by this court on September 21, 1966, the order reading: "A writ of mandamus is hereby awarded directing the respondent, Paul Powell, Secretary of State of the State of Illinois, to certify to the County Clerk of each County in the Ninth Judicial Circuit of the State of Illinois; namely, Knox, Warren, Henderson, Hancock, McDonough, and Fulton, the name of Kenner Harris as a candidate for the office of Circuit Judge of the Ninth Judicial Circuit under the provisions of Chapter 46, Sec. 9—6, Ill. Rev. Stat. 1965, as interpreted by this Court. An opinion will follow." This opinion is filed in accordance with the terms of that order.

*Writ heretofore awarded.*