The People ex rel. Roy Randall Richter, Petitioner, v. William C. Telford, Coroner of the County of Sangamon, The Board of Election Commissioners of the City of Springfield, Illinois, County Clerk of Sangamon County, Illinois, Respondents.

Gen. No. 11,092.

Fourth District.

December 9, 1968.

James R. Potter, of Springfield, for appellant.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield, and J. Waldo Ackerman, for appellees.

CRAVEN, J., delivered the opinion of the court.

Roy Randall Richter, Democratic candidate for coroner of Sangamon County at the November 5, 1968, election, filed a petition for mandamus in the Circuit Court of Sangamon County against William C. Telford, Republican candidate for that office, and against the Board of Election Commissioners of the City of Springfield and County Clerk of Sangamon County to require such respective officers to list the name of W. C. Telford on the ballot without the word "Dr." as a prefix and the letters "O.D." as a suffix.

The circuit court denied mandamus. Petitioner appealed to this court and moved for an immediate transfer

of the appeal to the Supreme Court under Supreme Court Rule 302(d) (Ill Rev Stats 1967, c 110A, § 302(d)). The Supreme Court refused to order an immediate transfer. Thereupon, petitioner filed a motion in this court for immediate determination of this appeal and asked waiver of notice requirements. This court granted the motion for immediate determination, and heard oral arguments. On the day of oral arguments, this court ruled that the circuit court order dismissing the petition for mandamus be affirmed, rendered a short statement supporting the ruling and stated that a formal opinion would follow.

██ ██ The granting of a writ of mandamus in this type of case is discretionary. Mandamus will lie to command performance of an official act which is ministerial. The County Clerk and Board of Election Commissioners, in printing official ballots for an election, act in a ministerial capacity. Hence, we must look to the subject matter and to the provisions of the Illinois Election Code, which statutorily sets forth the Clerk's duties.

The Election Code of Illinois (Ill Rev Stats 1967, c 46, §§ 7–60 and 7–62) makes it the duty of the county clerk of a county and the board of election commissioners of a city having such a board to prepare the official ballot for election and "to place upon the official ballot to be voted at the election the names of all candidates nominated for office, as herein provided, as shown by the certificate of the canvassing board . . . ." Section 16–3 of the Election Code provides that: "The names of all candidates to be voted for in each election district . . . shall be printed on one ballot, . . . ."

██ "Name," as provided by the statute, should be given its usual sense and ordinary meaning unless it has become a word of art or has been given other accepted meaning. It ordinarily means the distinctive designation of a person or thing. (Webster's Third New Internation-

al Dictionary, unabridged (1966), p 1501.) This does not include other descriptive terminology.

While this is a case of first impression in Illinois, a similar problem has been considered by the courts of our sister states of Missouri, New York and Ohio. Without exception, these courts have held that it is not permissible to place on an official ballot a characterization or designation before or after a candidate's name, as

> "The ultimate test of fairness is that the ballot furnish to each elector a reasonable opportunity to express his choice, as where all the names are printed in the same style . . . It would be neither fair nor practical to permit the insertion of such title or degrees with candidates' names, much less the myriad appellations and items of descriptive matter that might logically follow and which election fever and ingenuity would undoubtedly generate." Toigo v. County Board of Elections, 51 Misc2d 754, 273 NYS2d 781, 782–785 (Sup Ct 1966).

See also: State v. Crowe (Mo), 382 SW2d 38; State ex rel. Whetsel v. Murphy, 122 Ohio St 620, 174 NE 252; 26 Am Jur2d, Elections, § 218.

■■ While the statutory provision (chapter 46, section 7–60) requires that the names of the candidates be placed on the ballot "as shown by the certificate of the canvassing board," this can mean only the *name* as so shown. The statute does not authorize any and all language shown on the certificate, including prefixes, suffixes, and other appellations or slogans to be printed on the ballot. The Clerk, acting in his ministerial capacity, is authorized to print on the ballot only the language provided by statute.

■■ We deem the provisions of the Election Code controlling and conclusive of this matter. The contention of petitioner that the proposed listing of the name "Dr.

W. C. Telford, O.D." directly violates Ill Rev Stats 1967, c 91, § 105.5, the Optometry Act, is here rejected. That act has no application to the manner of listing a name on an election ballot. Our opinion is further confirmed by the fact that the Election Code at one time provided, in section 7–60, that not only the name, but "the name and description" of the candidate should be printed on the ballot. The words "and description" were deleted by an amendment in 1955. Hence, the word "Dr." and the letters "O.D." would constitute "description," not "name," and should not be printed on the official ballot.

The Election Code, however, provides adequate mechanics for a person aggrieved or a candidate to present objections to the manner and style in which a candidate's name is to be placed on the ballot. It further prescribes the time for pursuing such remedies.

Objections, prior to a primary, as to candidates of "political parties" are to be made as provided in sections 10–8 through 10–10.1 (Ill Rev Stats 1967, c 46, § 7–12.1; §§ 10–8 through 10–10.1). Objections under section 10–8 must be filed within five days after the last date for filing the certificate of nomination. Certificates of nomination for candidates of "minor political parties" and "groups" and nomination papers of independents for county offices must be filed at least 92 days prior to election day. (Ill Rev Stats 1967, c 46, § 10–6.) The clerk must deliver the objections to the Electoral Board chairman within 24 hours after they are filed in the clerk's office. The County Electoral Board then hears such objections within not less than three nor more than five days after the objections and papers are delivered to its chairman, and thereafter it renders its decision. Judicial review in the circuit court then may be filed within ten days after the decision of the Electoral Board, and the hearing must be held within thirty days of the filing of the petition for review and the cause decided

promptly. (Ill Rev Stats 1967, c 46, § 10–10.1, added by L 1967.)

While certain statutory election-time provisions have been held to be not mandatory, but directory only, in several recent cases (People ex rel. Bell v. Powell, 35 Ill 2d 381, 221 NE2d 272 (1966); People ex rel. Harris v. Powell, 35 Ill2d 384, 221 NE2d 274 (1966); People ex rel. Meyer v. Kerner, 35 Ill2d 33, 219 NE2d 617 (1966)), the rationale of these cases is that such provisions were enacted to provide an orderly procedure and ample time for the clerk to prepare the ballots and that where ample time yet remains for the clerk to perform his duty, these time provisions do not need to be strictly followed. While the application of these cases fails to give adequate guidelines to a clerk in carrying out his duties, they do provide a means for effecting justice since the filing dates can be properly relaxed when viewed by a court in their proper context.

The record in this case shows that ballots for the general election, bearing the objected to prefix and suffix, had been printed both by the respondent County Clerk and the Board of Election Commissioners. These ballots were printed prior to the filing of the instant proceeding which was commenced on October 21, 1968. Of necessity the ballots had been printed earlier, for they had to be available for mailing to military service absentee voters at least thirty days prior to the filing of this action. (Ill Rev Stats 1967, c 46, § 16–5.01.)

The petitioner was a candidate of the Democratic Party at its primary, and at the time of that primary the respondent was nominated by his party on a ballot using the same designations both as to prefix and suffix as were sought to be eliminated by the petitioner. The petitioner has had notice, therefore, at least since June 11, 1968, of the descriptive matter sought to be removed. Proper and timely use by him of the mechanics provided

by the Election Code could have avoided the necessity for application for the writ of mandamus. Under the facts and circumstances of this case, the denial of the writ by the circuit court was correct and its judgment is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.