FIFTH DIVISION
 FILED: 4/18/97








No. 1-97-1030

DAVID M. ZERANTE, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Petitioner-Appellant, ) COOK COUNTY
 )
 v. )
 )
BLOOM TOWNSHIP ELECTORAL BOARD; and its )
members, ROBERT LUEDER, GENE )
EENIGENBURG, and DANIEL WOOTTEN; DAVID )
D. ORR, Cook County Clerk; JIM GRUPP )
and ROBERT DeBOLT, ) HONORABLE
 ) CURTIS HEASTON,
 Respondents-Appellees. ) JUDGE PRESIDING.


 JUSTICE HOFFMAN delivered the opinion of the court:
 The petitioner, David M. Zerante, filed the instant appeal
from an order of the circuit court affirming a decision of the
Bloom Township Electoral Board (Board). The Board sustained the
objections of Jim Grupp and Robert DeBolt to the nomination papers
of the petitioner as a candidate for the office of Bloom Township
Supervisor in the election of April 1, 1997, and ordered that the
petitioner's name be excluded from the ballot. Because the
imminence of the April 1 election mandated a prompt resolution of
this matter, we ordered an expedited briefing schedule and took the
case under advisement without oral argument. On March 27, 1997, we
entered an order affirming the circuit court in this matter, and
stated that our opinion would follow. We now render that opinion.
 At a caucus of the Democratic Party held on January 14, 1997,
John David DeSimone was nominated for the office of Bloom Township
Supervisor. On February 18, 1997, DeSimone withdrew his name as a
candidate and declined his party's nomination. Thereafter, the
petitioner was named as the Democratic candidate to fill the
vacancy in nomination created by the withdrawal of DeSimone, and
his nomination papers were filed on February 25, 1997.
 Grupp and DeBolt filed identical objections to the peti-
tioner's nomination papers on March 3, 1997, alleging, inter alia,
that: 1) the petitioner's statement of candidacy failed to conform
to the provisions of section 7-10 of the Election Code (Code) (10
ILCS 5/7-10 (West 1994)); 2) the resolution to fill the vacancy in
nomination (resolution) filed with the petitioner's statement of
candidacy failed to comply with the provisions of section 7-61 of
the Code (10 ILCS 5/7-61 (West 1994)); and 3) the petitioner filed
multiple resolutions. After a hearing, the Board sustained the
objections and issued a written decision dated March 14, 1997. The
Board found that: the petitioner's statement of candidacy failed to
state his party affiliation or that he was a "qualified primary
voter" of the Democratic Party as required pursuant to section 7-10
of the Code (10 ILCS 5/7-10 (West 1994)); the petitioner filed
multiple statements of candidacy, resolutions, and statements of
economic interest; the petitioner filed conflicting resolutions,
one of which was not signed by the Democratic Committeeman of Bloom
Township as required by section 7-61 of the Code (10 ILCS 5/7-61
(West 1994)); and the resolutions were defective by reason of their
failure to specify the date upon which the petitioner was selected
to fill the vacancy created by the withdrawal of DeSimone as
required by section 7-61 of the Code (10 ILCS 5/7-61 (West 1994)). 
Based upon its findings, the Board declared the petitioner's
nomination papers legally insufficient, and ordered that his name
not be printed on the ballot for the April 1, 1997, election.
 The petitioner filed a petition for judicial review of the
Board's decision in the circuit court on March 17, 1997. The
circuit court affirmed the Board's decision on March 21, 1997, and
this appeal followed.
 Section 7-61 of the Code provides in pertinent part, as
follows:
 "Any vacancy in nomination under the provisions of
 this Article 7 occurring on or after the primary and
 prior to certification of candidates by the certifying
 board or officer, must be filled prior to the date of
 certification. Any vacancy in nomination occurring after
 certification but prior to 15 days before the general
 election shall be filled within 8 days after the event
 creating the vacancy. The resolution filling the vacancy
 shall be sent by U.S. mail or personal delivery to the
 certifying officer or board within 3 days of the action
 by which the vacancy was filled; provided, if such
 resolution is sent by mail and the U.S. postmark on the
 envelope containing such resolution is dated prior to the
 expiration of such 3 day limit, the resolution shall be
 deemed filed within such 3 day limit. Failure to so
 transmit the resolution within the time specified in this
 Section shall authorize the certifying officer or board
 to certify the original candidate.
 ***
 The resolution to fill a vacancy in nomination shall
 be duly acknowledged before an officer qualified to take
 acknowledgements of deeds and shall include, upon its
 face, the following information:
 (a) the name of the original nominee and the office
 vacated;
 (b) the date on which the vacancy occurred;
 (c) the name and address of the nominee selected to
 fill the vacancy and the date of selection." 
 (Emphasis Added.) 10 ILCS 5/7-61 (West 1994). 
 In this case, neither of the resolutions filed by the
petitioner with his nomination papers on February 25, 1997,
contained the date upon which he was selected to fill the vacancy
in nomination. The petitioner contends, however, that the date
upon which the signing of the resolutions was acknowledged before
a notary public satisfies the statutory requirement. We disagree.
 The acknowledgement of the resolutions before the notary
satisfied the acknowledgement requirement of the statute, but did
not satisfy the requirement that a resolution "include, on its
face, *** the date of selection." 10 ILCS 5/7-61 (West 1994). We
know of no case which holds that the events related in a signed
document are presumed to have occurred on the date that the
document was signed. Since the vacancy in nomination occurred on
February 18, 1997, the petitioner could have been selected to fill
that vacancy on any date from February 18 through and inclusive of
February 24, 1997, the date that the resolutions were executed. If
that selection occurred prior to February 21, 1997, then the filing
of the resolutions on February 25, 1997, would have fallen outside
of the three day transmittal period provided in the statute. 10
ILCS 5/7-61 (West 1994). Consequently, the failure of the
resolutions to specify the date upon which the petitioner was
selected to fill the vacancy in nomination prevents a determination
as to whether the resolutions were transmitted to the certifying
authority in a timely fashion.
 Next, the petitioner contends that the provision of section 7-
61 of the Code specifying that a resolution contain the date that
a nominee was selected to fill a vacancy in nomination is directory
as opposed to mandatory. In support of that contention, the
petitioner cites to the opinions in People ex rel. Meyer v. Gerner,
35 Ill. 2d 33, 219 N.E.2d 617 (1966); and People ex rel. Bell v.
Powell, 35 Ill. 2d 381, 221 N.E.2d 272 (1966), which held that
those provisions of the Election Code then in effect, sections 8-13
and 9-5.4 (Ill. Rev. Stat. 1965, ch. 46, par. 8-13, 9-5.4),
respectively, requiring the filing of certain election documents
with the Secretary of State within specified time periods, were
directory and not mandatory, as neither statute provided that an
election would be rendered void by reason of noncompliance and a
failure to strictly comply with the time limits would not result in
the inability of election officials to comply with their statutory
duties. We believe, however, that the cases relied upon by the
petitioner are distinguishable.
 As noted above, section 7-61 of the Code provides that 
failure to transmit a resolution to the certifying authority within
three days of the date that a vacancy in nomination is filled,
"shall authorize the certifying officer or board to certify the
original candidate." 10 ILCS 5/7-61 (West 1994). Consequently,
the failure of a resolution to specify the date of selection
renders it impossible for the certifying authority to determine if
the person selected to fill the vacancy in nomination, or the
original candidate, is to be certified to the election authority
authorized to prepare the ballot. It is because of this inability
of the certifying authority to determine its statutory duties under
such circumstances that leads us to conclude that the provision of
section 7-61 which states that a resolution shall contain the date
of selection is mandatory. 
 Having found the provision of section 7-61 of the Code
requiring a resolution to specify the date upon which an individual
was selected to fill a vacancy in nomination to be mandatory, and
because neither resolution filed by the petitioner with his
nomination papers on February 25, 1997, specified the date of his
selection, we conclude that the Board correctly found the
petitioner's nomination papers legally insufficient. Our 
conclusion on this issue is sufficient to support our decision
affirming the order of the circuit court which is the subject of
this appeal, and we need not, therefore, address the other issues
raised by the petitioner directed to the additional grounds relied
upon by the Board in declaring his nomination papers deficient. 
 Affirmed.
 HARTMAN, P.J., and HOURIHANE, J., concur.