SECOND DIVISION

JUNE 30, 2000

No. 1-00-0283 

THOMAS FRANCIS COURTNEY, )    Appeal from the      )    Circuit Court of   

)    Cook County County

Petitioner-Appellant,
 ) Department, County

) Division

)

)

) 

COUNTY OFFICERS ELECTORAL BOARD; )

HONORABLE DAVID ORR, by Daniel P. )

Madden; HONORABLE RICHARD A. )

DEVINE, by David A. Bonoma; )

HONORABLE AURELIA PUCINSKI, by ) No. 00CO-E-0001

Jeffrey M. Jacob; and the CHICAGO ) Consolidated with

BOARD OF ELECTION COMMISSIONERS ) 00CO-E-0002

and its members, LANGDON NEAL, )

THERESA PETRONE and RICHARD COWEN; )

and DAVID ORR, as COOK COUNTY )

CLERK; ROBERT F. HOGAN; and )

NADINE M. ZAPOLSKY, )

 ) The Honorable 

) Shelli D. Williams-

) Hayes, 

Respondents-Appellees.
 ) Judge Presiding.  

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Petitioner, Thomas Courtney, appeals the trial court's affirmance of the removal of his name by respondents, the Cook County Officers Electoral Board; Honorable David Orr, by Daniel P. Madden; Honorable Richard A. Devine, by David A. Bonoma; 

Honorable Aurelia Pucinski, by Jeffrey M. Jacob; and the Chicago 

Board Of Election Commissioners and its members, Langdon Neal, Theresa Petrone and Richard Cowen; and David Orr, as Cook County

Clerk, 
from the March 21, 2000, ballot as a candidate in the Democratic primary for the office of commissioner of the Metropolitan Water Reclamation District of Greater Chicago.  Petitioner's candidacy was objected to by Robert F. Hogan and  Nadine M. Zapolsky, objectors,
 in proceedings before the Cook County Electoral Board because petitioner did not simultaneously file his nominating petition sheets and statement of candidacy.   

BACKGROUND

Petitioner is a candidate for the Democratic nomination for the office of commissioner of the Metropolitan Water Reclamation District of Greater Chicago in the March 21, 2000, election.  He filed over 9,000 signatures for an office that required a minimum of 4,839 signatures for the Democratic nomination.  

The sole issue that is the subject of this review is the objection that petitioner did not simultaneously file his nominating petition sheets and his statement of candidacy.  It is agreed by the parties that the statement of candidacy, a single document, was filed three days after the nominating petition sheets but well within the filing deadlines for all nominations as prescribed by statute.  

The electoral board and circuit court granted the objectors' petitions and removed petitioner from the ballot based on the separate filing of the statement of candidacy from the petition sheets.  Petitioner appealed and this court granted an expedited briefing schedule.  On February 15, 2000, this court reversed the decision of the trial court and ordered petitioner's name to be placed on the March 21, 2000 ballot.  This court also wrote that a "more detailed memorandum of this decision shall issue in due course."

ANALYSIS

Petitioner contends that his failure to simultaneously file his statement of candidacy with his nomination petition sheets did not mandate that his name be stricken from the March 21, 2000, ballot.  Specifically, petitioner contends that the filing of his  petition sheets and statement of candidacy within the statutorily prescribed filing period constituted substantial compliance with the requirements of the Illinois Election Code, (10 ILCS 5/1-1 
et seq
. (West 1998)), even though he did not file both documents at the same time.        

Respondents contend that the election statute expressly declares the submission of statements of candidacy with nomination petitions to be mandatory.  Here, respondents specifically contend that petitioner's failure to simultaneously file his statement of candidacy and petition sheets vitiated his candidacy pursuant to sections 1-3(12) and 7-10 of the Illinois Election Code.  10 ILCS 5/1-3(12); 7-10 (West 1998).  We disagree with respondents' interpretation of these provisions as applied to the facts of the instant case. 

The general purposes of election laws is to obtain fair and honest elections and to obtain a correct expression of the intent of the voters.  
Ferguson v. Ryan
, 251 Ill. App. 3d 1042, 1047, 623 N.E.2d 1004, 1008 (1993) (minor procedural statutory violations during caucus to select slate of candidates from the Democratic party to run for township offices did not vitiate election proceedings).  
A court, under the appearance of enforcing election laws, should not defeat the very objects those laws were intended to achieve.  
Ferguson
, 251 Ill. App. 3d at 1047, 623 N.E.2d at 1008.

Whether an enactment is directory or mandatory depends on the legislative intention, to be ascertained from the nature and object of the act and the consequences that would result from any given construction.  
Village of Mundelein v. Hartnett
, 117 Ill. App. 3d 1011, 1016, 454 N.E.2d 29, 33 (1983).  

Section 1-3(12) of the Election Code provides: 

     "'Petition' of candidacy as used in Sections 7-10 and 7-10.1 shall consist of a statement of candidacy, candidate's statement containing oath, and sheets containing signatures of qualified primary electors bound together."  10 ILCS 5/1-3(12) (West 1998).  

Section 7-10 of the Election Code, in pertinent part, provides:

 "Each petition must include as a part thereof, a statement of candidacy for each of the candidates filing, or in whose behalf the petition is filed.  This statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is a qualified primary voter of the

party to which the petition relates and is qualified for the office specified ***, shall state that he has

filed (or will file before the close of the petition filing period) a statement of economic interests as required by the Illinois Governmental Ethics Act,  shall request that the candidate's name be placed upon the official ballot, and shall be subscribed and sworn to by such candidate before some officer authorized to take acknowledgment of deeds in the State ***.  

* * *

     The petitions, when filed, shall not be withdrawn or added to, and no signatures shall be revoked except by revocation filed in writing with the State Board of Elections, election authority or local election official with whom the petition is required to be filed, and before the filing of such petition."  10 ILCS 5/7-10 (West 1998).  

The use of the word "shall" in a statutory provision, though generally regarded as mandatory, does not have a fixed or inflexible meaning and may, in fact, be construed as meaning "may" depending on the legislative intent.  
Andrews v. Foxworthy
, 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335 (1978); 
Ferguson
, 251 Ill. App. 3d at 1047, 623 N.E.2d at 1008.  And, the word "shall," in construing election statutes, has been held directory rather than mandatory in a variety of cases.  
People ex rel. Meyer v. Kerner
, 35 Ill. 2d 33, 39-40,  219 N.E.2d 617, 620-21 (1966); 
People ex rel Bell v. Powell
, 
35 Ill. 2d 381, 383-84, 221 N.E.2d 272, 273 (1966); 
People ex rel. Harris v. Powell
, 35 Ill. 2d 384, 387-88, 221 N.E.2d 274, 275 (1966); 
Ferguson
, 251 Ill. App. 3d at 1048, 623 N.E.2d at 1009; 
Ballentine v. Bardwell
, 132 Ill. App. 3d 1033, 1036-37, 478 N.E.2d 500, 503 (1985).  The criteria for determining whether provisions of an election statute are mandatory or directory were set forth by the  
Kerner
 court, and later quoted  in 
Harris
 and 
Ballentine
, as follows:

"Where a statute provides that an election shall be rendered void by failure of those involved in the election process to perform certain duties, the courts are bound to enforce it as mandatory. [Citations.] But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal. [Citation.]"  
Kerner
, 35 Ill. 2d at 39, 219 N.E.2d at 620.  

Ballentine
, 132 Ill. App. 3d at 1036-37, 478 N.E.2d at 503.  See also 
Bell
, 
35 Ill. 2d at 383, 221 N.E.2d at 273; 
Harris
, 35 Ill. 2d at 386-87, 221 N.E.2d at 275; 
Ferguson
, 251 Ill. App. 3d at 1048, 623 N.E.2d at 1008-09.  

Petitioner cites 
Ballentine
 in support of his assertion that he substantially complied with the Election Code and should, therefore, be placed on the March 21, 2000, ballot.  In 
Ballentine
, the court held that the petitioners' failure to file their statements of candidacy simultaneously with their nominating petitions did not mandate the removal of the candidates from the ballots.  
Ballentine
, 132 Ill. App. 3d at 1040, 478 N.E.2d at 505.  

Here, while we do read the aforementioned statute as mandating the filing of a statement of candidacy as in 
Ballentine
, we do not read the above-referenced statute as mandating that a statement of candidacy be filed simultaneously with nominating petition sheets.  Where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply is not fatal in the absence of fraud or a showing that the merits of the election were thereby affected.  
Ballentine
, 132 Ill. App. 3d at 1036-37, 478 N.E.2d at 503. 

We find that 
Ballentine
 is apposite.  Moreover, respondents have not shown that the petitioner's failure to simultaneously file his statement of candidacy and petition sheets was caused by fraud or that it affected the results of the election.  Further, respondents' objection had nothing to do with the form of the statement of candidacy, its timeliness (as far as applying within the deadline), or whether it was genuine.  
Absent some contention as above described, petitioner's failure to simultaneously file his statement of candidacy and nominating petition sheets was not fatal.  

Respondents, however, assert that 
Ballentine
 is inapposite because 
Ballentine
 involved Article 10 of the Illinois Election Code, new political parties, and the instant case involves article 7 of the Election Code.  Respondents contend that the 
Ballentine
 court stated that section 1-3(12), which provides that a petition of candidacy as used in sections 7-10 and 7-10.1 shall consist of a statement of candidacy, candidate's statement containing both, and sheets containing signatures of qualified primary electors bound together, 
applied to Article 7 cases.  
Ballentine
, 132 Ill. App. 3d at 1038, 478 N.E.2d at 504.      

However, our reading of 
Ballentine
 indicates that the 
Ballentine
 court stated that section 1-3(12) clearly provides  that the definition of "petition of candidacy" set forth therein is as used in sections 7-10 and 7-10.1 of the Election Code.  (10 ILCS 5/1-3(12), 7-10 (West 1998)), and could not be enlarged to encompass Article 10 of the Election Code.  In our view, that statement was unnecessary to the holding in 
Ballentine
.  We have examined Article 10 of the Election Code, which provides, in pertinent part:

     "
All petitions for nomination under this Article 10 for candidates for public office in this State, shall in addition to other requirements provided by law, be as follows
: Such petitions shall consist of sheets of uniform size and each sheet shall contain, above the space for signature, an appropriate heading, giving the information as to name of candidate or candidates in whose behalf such petition is signed; the office; the party; place of residence; and such other information or wording as required to make same valid, and the heading of each sheet shall be the same.  Such petition shall be signed by the qualified voters in their own proper persons only, and opposite the signature of each signer his residence address shall be written or printed.  The residence address required to be written or printed opposite each qualified primary elector's name shall include the street address or rural route number of the signer, as the case may be, as well as the signer's city, village or town. *** 
A petition, when presented or filed, shall not be withdrawn, altered, or added to
, and no signature shall be revoked except by revocation in writing presented or filed with the officers or officer with whom the petition is required to be presented or filed, and before the presentment or filing of such petition."  (Emphasis added.)  10 ILCS 5/10-4 (West 1998).  

Section 10-5 of the Election Code provides, in pertinent part:

"All petitions for nomination shall, besides containing the names of candidates, specify as to each:

1.The office or offices to which such candidate or candidates shall be nominated. 

* * *

     Such certificate of nomination or nomination

papers in addition shall include as a part thereof, the oath required by Section 7-10.1 of this Act and must include a statement of candidacy for each of the candidates named therein ***.  Each such statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is qualified for the office specified and has filed (or will file before the close of the petition filing period) a statement of economic interests as required by the Illinois Governmental Ethics Act, shall request that the candidate's name be placed upon the official ballot and shall be subscribed and sworn to by such candidate before some officer authorized to take acknowledgments of deeds in this State ***."  10 ILCS 5/10-5 (West 1998).   

The pertinent provisions of Article 7 and Article 10 of the Election Code are analogous.  Accordingly, in our view, since the provisions in Article 7 and Article 10 of the Election Code are analogous, we hold, as did the court in 
Ballentine
, that the fact that the statement of candidacy was not filed simultaneously with the nomination petitions did not mandate removal of the petitioner's name from the ballot, where petitioner filed the statement within the requisite filing period.  

While all of the requirements of the election law statutes are mandatory in the sense that they impose a duty of obedience on those who come within their purview, and even directory provisions may not be disregarded, it does not follow that every departure or omission will vitiate the ballot or the proceedings. 
Ferguson
, 251 Ill. App. 3d at 1048, 623 N.E.2d at 1008-08.  
Ballentine
, 132 Ill. App. 3d at 1040, 478 N.E.2d at 505.   In the instant case, the statute is mandatory in that its provisions cannot be disregarded.  A statement of candidacy and the nomination petitions must be filed within the requisite limitations period.  10 ILCS 5/7-10 (West 1998).  Petitioner filed his nominating petitions three days before he filed his statement of candidacy.  Both were filed within the limitations period.  We hold that, based on the aforementioned principles of law relating to elections, in the instant case, petitioner, by filing both documents before the deadline, fulfilled the requisite substantial compliance with the statute and the trial court erred in removing his name from the ballot.  The decision of the trial court is reversed. 

Reversed.

GORDON and McBRIDE, JJ., concur.