No. 2--05--0347 ______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________
_____________
  

DAVID MARQUEZ, ) Appeal from the Circuit Court

 ) of Kane County.                )

Plaintiff-Appellant,   )              

 )              

v. ) No. 05--MR--159

   )              

THE AURORA BOARD OF ELECTION    )              

COMMISSIONERS and JUANY GARZA, ) Honorable              

     ) 
Michael J. Colwell,       

Defendants-Appellees. ) Judge, Presiding.

                                                                                                                                                      

JUSTICE KAPALA delivered the opinion of the court:

Plaintiff, David Marquez, appeals from a decision of the circuit court of Kane County denying his petition for a writ of 
mandamus
, which sought an order directing defendant, the Aurora Board of Election Commissioners (Board), to count the write-in votes cast for Marquez as second ward alderman for the City of Aurora at the April 5, 2005, election and to declare him the winner if his votes exceed those cast for the other candidate.  In the alternative, Marquez sought a declaratory judgment that the write-in votes for Marquez should be counted and that he should be certified the winner if the write-in votes cast for him exceed the votes cast for the other candidate. 
 We affirm. 

I.  BACKGROUND

Marquez's name was stricken from the April 5, 2005, ballot for the office of second ward alderman for the City of Aurora by an order of this court in case No. 02--05--0154, dated March 29, 2005, which was the Tuesday preceding the election.  According to Marquez, the March 29, 2005, order was entered at approximately 4:25 p.m.  Marquez filed the appropriate papers to be listed as a write-in candidate for the office of second ward alderman on March 30, 2005.  

As a result, Juany Garza was the only candidate remaining on the April 5, 2005, ballot for the office of second ward alderman.  Marquez received write-in votes for the office of second ward alderman.  However, the Board refused to count the write-in votes because it found that section 18--9.1 of the Election Code (Code) (10 ILCS 5/18--9.1 (West 2002)) required that the declaration of intent for a write-in candidacy be filed not later than 5 p.m. on the Tuesday preceding the election.  Marquez's papers were filed on the Wednesday preceding the election.

Marquez then filed a petition for a writ of 
mandamus
 in the circuit court of Kane County, seeking a writ ordering the Board
(footnote: 1) to count his write-in votes and declare him as the winner of the race for second ward alderman.  In the alternative, Marquez sought a declaratory judgment that the write-in votes for him should be counted and that he should be certified the winner if those votes exceed the votes cast for Garza
.  The trial court denied the petition, holding that the write-in provisions of the Code were mandatory and not directory.  Marquez timely appealed.

II.  DISCUSSION

Marquez asserts two contentions on appeal.  First, that the timing of the March 29, 2005, order of this court striking Marquez from the ballot made it impossible for him to file his papers for write-in candidacy on time.  Second, that, in any event, the timing requirements for such papers are directory.  We disagree with both of Marquez's contentions.

Preliminarily, we must address the motion by defendant Juany Garza to strike Marquez's statement of facts.  Garza claims that Marquez's brief violates the requirement of Supreme Court Rule 341(e)(6) (188 Ill. 2d R. 341(e)(6)) that facts be stated fairly and accurately without argument or comment.  According to Garza, Marquez has misrepresented certain facts and has interjected argument and comment into his statement of facts.  Further, Garza claims that wilful violation of Rule 341(e)(6) can be punished under Supreme Court Rule 375 (155 Ill. 2d R. 375) and that the appropriate sanction is to strike the statement of facts in Marquez's brief.  Even though some of Garza's contentions have merit, we find that Marquez's violations are "not so flagrant as to hinder or preclude review" and, therefore, instead of striking them,
 we will simply disregard the portions of Marquez's brief that do not comply with the supreme court rules.  See 
Merrifield v. Illinois State Police Merit Board
, 294 Ill. App. 3d 520, 527 (1997).  

Turning to the merits of this appeal, section 18--9.1
(footnote: 2) states, in relevant part, "[w]rite-in votes shall be counted only for persons who have filed notarized declarations of intent to be write-in candidates with the proper election authority or authorities not later than 5:00 p.m. on the Tuesday immediately preceding the election."  10 ILCS 5/18--9.1 (West 2002).  As we have stated above, the Tuesday preceding the election was March 29, 2005.  Therefore, the deadline provided by section 18--9.1 passed at 5 p.m. on March 29, 2005.  Marquez filed his papers on March 30, 2005.  The filing was clearly beyond the time prescribed by section 18--9.1.  

As to Marquez's first contention, Marquez cites no authority for the proposition that this court was required to issue its order striking his name from the April 5, 2005, ballot before the deadline for write-in candidacy passed, much less any time earlier than the order was issued.  In fact, this court could have issued its order after the deadline and Marquez's name would still have been stricken from the ballot.  Furthermore, we find Marquez's contention that it was virtually impossible to file his papers before the deadline to be suspect.  Marquez was represented by counsel in the previous case before this court.  Therefore, Marquez was well aware, or at least should have been well aware, of the previous case in this court as well as the fact that the case had been expedited for appellate review.  It was possible for Marquez to prepare the documents necessary for write-in candidacy ahead of time and have them ready to be filed in the event that this court ruled that his name should be stricken from the ballot.  Marquez does not provide us with any reason why advance preparation of the required write-in candidacy documents was not possible or why, if such papers were prepared ahead of time, they could not have been filed within the 35 minutes between this court's 4:25 p.m. order and the 5 p.m. deadline.  Therefore, we reject Marquez's first contention.

As to Marquez's second contention, we find the language of section 18--9.1 to be mandatory.  Statutory construction is a question of law and, as such, we review a trial court's statutory interpretation 
de
 
novo
.  
Midstate Siding & Window Co. v. Rogers
, 204 Ill. 2d 314, 319 (2003).  "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent."  
People ex rel. Birkett v. City of Chicago
, 202 Ill. 2d 36, 45 (2002).  Generally, the best indicator of legislative intent is the plain language of the statute.  
Allstate Insurance Co. v. Menards, Inc.
, 202 Ill. 2d 586, 591 (2002).  If we can determine the legislative intent from the plain language of the statute, we will give that intent effect without resorting to other interpretive aids.  
Metzger v. DaRosa
, 209 Ill. 2d 30, 35 (2004).
   

Marquez's sole authority for the proposition that the requirements of section 18--9.1 are directory is 
People ex rel. Bell v. Powell
, 35 Ill. 2d 381 (1966).  In 
Powell
, our supreme court held to be directory and not mandatory the statutory requirement that, not later than 88 days prior to the date of election, the chairman of the county central committee of a political party file a call for the convention of his party for nomination of an associate judge of the circuit court.  
Powell
, 35 Ill. 2d at 382-83.  The court held that the purpose of the statute was "to ensure that election officials be furnished with the names of candidates in ample time for the several election officials to prepare for the election."  
Powell
, 35 Ill. 2d at 383.  Because no one alleged that the late filing resulted in fraud or prejudice, an inability of election officials to comply with their statutory duties, or adverse effects on the merits of the election, the court held that the late filing should be accepted.  
Powell
, 35 Ill. 2d at 384.  

Marquez claims that the intent of section 18--9.1, which he claims is the same as the intent of the statute at issue in 
Powell
, will not be served by a literal reading of the language.  Further, Marquez contends that because there was no fraud or prejudice in this case and because it was apparent to everyone involved that he was seeking the office of second ward alderman, we should find that the late filing was allowed by section 18--9.1.

The language of section 18--9.1 is clear and unambiguous with respect to the time for filing as a write-in candidate.  Section 18--9.1 provides that a notarized declaration of intent be filed "not later than" 5 p.m. on the Tuesday preceding the election.  Section 18--9.1 makes clear that the deadline is mandatory not only by using the phrase "not later than" but also by providing a penalty, that is, 
that "votes shall be counted only for persons" who file timely declarations of intent.  We believe that the mandatory nature of section 18--9.1 is evident because the legislature chose to use the phrase "not later than" along with the phrase "shall be counted only for."  See 
Du Page County Election Comm'n v. State Board of Elections
, 345 Ill. App. 3d 200, 213 (2003).
    
   

Furthermore, what Marquez fails to recognize is that the decision in 
Powell
 was based on a rule not applicable in this case.  Namely, the 
Powell
 court based its ruling on a previous holding of the court that held: "when a statute provides that an election shall be rendered void by the nonperformance of certain duties by election officials, the courts are bound to enforce such duties as mandatory.  ***  'But, where the statute does not expressly declare its provisions to be mandatory or compliance therewith to be essential to its validity, the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal
 .' "  
Powell
, 35 Ill. 2d at 383, quoting 
People ex rel. Meyer v. Kerner
, 35 Ill. 2d 33, 39 (1966). 
 
As we stated above, section 18--9.1 expressly declares its provisions mandatory.  Accordingly, the rule of 
Powell
 and 
Kerner
 is inapplicable, as the rule applies only to a statute that "does not expressly declare its provisions to be mandatory."    

It must be noted that the statute in 
Powell
 that contained the 88-day deadline also used the phrase "not later than."  Ill. Rev. Stat. 1965, ch. 46, par. 9--5.4 (stating that the call "shall be filed not later than 88 days prior to the date of the general election at which such judges shall be elected").  Thus, it would seem that if such language was read as directory in 
Powell
, it could be read as directory in section 18--9.1.  However, "[w]hen a statute specifies a penalty for failing to comply with its provisions, it will be construed as mandatory rather than directory."  
Brennan v. Illinois State Board of Elections
, 336 Ill. App. 3d 749, 759 (2002).  In other words, "[w]hen a statute specifies what result will ensue if its terms are not complied with, then the statute is deemed mandatory."  
Simmons v. DuBose
, 142 Ill. App. 3d 1077, 1080 (1986).  This rule has been used to construe other sections of the Election Code as mandatory.  See 
Simmons
, 142 Ill. App. 3d at 1080.  In 
Powell
, section 9--5.4 did not specify a penalty for noncompliance.  Conversely, in this case, as we have already stated, section 18--9.1 specifies what will occur if its terms are disregarded: namely, that the write-in votes will not be counted.  Accordingly, we hold that the deadline specified in section 18--9.1 for filing a declaration of intent for write-in candidacy is mandatory.  Because Marquez's filing was late, the write-in votes for Marquez should not be counted.  Therefore, we affirm the trial court's denial of Marquez's petition.
               

III.  CONCLUSION

For the foregoing reasons we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur. 

FOOTNOTES
1:
The petition actually sought that the Municipal Officers Electoral Board of the City of Aurora be ordered to count the write-in votes and declare Marquez the winner.  However, the attorney who represented both the Municipal Officers Electoral Board of the City of Aurora and the Aurora Board of Election Commissioners advised the trial court that the Aurora Board of Election Commissioners was the proper party.  Accordingly, the trial court orally granted a motion to correct the petition.  Additionally, the Aurora Board of Election Commissioners has also been referred to as the Aurora Election Commission in various parts of the record and in the briefs on appeal.  We have chosen to use "Aurora Board of Election Commissioners" throughout our opinion.     

2:
There is no dispute between the parties that section 18--9.1 is the write-in candidacy statute applicable to Marquez's filing.