2022 IL App (1st) 220783-U

FIFTH DIVISION
June 23, 2022

No. 1-22-0783

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GREGG MOORE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 22 COEL 2 |
| | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS | ) | |
| and IAN K. LINNABARY, its Chairman, | ) | Honorable |
| | ) | Paul Karkula, |
| Defendants-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

*Held:* We affirm the circuit court's order dismissing plaintiff's complaint for lack of jurisdiction because plaintiff, a 2022 General Primary election candidate, filed his nomination papers after the statutory deadline.

¶ 1                                         BACKGROUND

¶ 2      The plaintiff-appellant, Gregg Moore, desired to be a Republican candidate for Governor in the upcoming June 28, 2022 General Primary election. The defendant-appellee Illinois State Board of Elections (Board) returned Moore's nomination papers because the Board received them through the mail after the statutory deadline. The circuit court of Cook County then

dismissed Moore's lawsuit seeking relief against the Board. We affirm the judgment of the circuit court.

¶ 3                                                    FACTS

¶ 4      According to his complaint, Moore attempted to file the nomination papers with the Board's main office by the March 14, 2022 deadline by traveling to Springfield by train on the morning of March 14. Upon his arrival in Springfield, Moore did not know how to get from the train station to the Secretary of State's office (apparently to file his Statement of Economic Interests), and then unsuccessfully tried to obtain taxi or ride share transportation to the State Board of Elections office. Eventually, he arrived at the downtown Springfield post office, and mailed his nomination papers to the Board at 5:11 p.m.

¶ 5      On March 17, 2022, a Board attorney sent Moore a letter returning his nomination papers. The letter explained that the deadline to file nomination papers was March 14, 2022. See Pub. Act 102-692, § 5 (eff. Jan. 7, 2022) (amending 10 ILCS 5/2A-1.1b); Pub. Act 102-693, § 52 (eff. Jan. 7, 2022) (amending 10 ILCS 5/2A-1.1b). According to the letter, the Board received Moore's nomination papers by mail on March 16, 2022, with a postmark of March 14. The letter cited the Board's regulation requiring that nomination papers received by mail after the first day of the filing period "shall be deemed to be filed as of the time they are actually received by the State Board of Elections." 26 Ill. Adm. Code § 201.20(c) (2016). Nothing in the letter states that the Board or any officer thereof had made a reviewable administrative decision.

¶ 6      On March 24, Moore filed a complaint in the circuit court of Cook County. The complaint names the Board and its chairman as defendants. The complaint primarily consists of a rambling, three-page recital of his efforts to file his nomination papers with the Board. As for relief, Moore requested that the circuit court "reverse" the Board's decision and place his name

on the ballot. The record does not contain a full copy of the nomination papers. However, Moore's complaint included an exhibit consisting of a small excerpt from the nomination papers.

¶ 7     On April 26, the Board and its chairman (defendants) filed a combined motion to dismiss Moore's complaint pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). In the section 2-615 portion of the motion, the defendants argued that the complaint's allegations, even construed as true, revealed that Moore did not file his nomination papers by the deadline imposed by the governing statute and its implementing regulation. These provisions require that the Board *receive* the nomination papers by the deadline, not merely that the candidate mail them to the Board by the deadline. The defendants additionally noted that, as shown by the post office receipt attached to the complaint, Moore did not place the nomination papers in the mail until 5:11 p.m. on March 14, which itself was after the Board's 5:00 closing time. See 26 Ill. Adm. Code § 201.10(b) (2016) ("During the statutory filing period, petitions will be received at the principal office of the State Board of Elections from 8:00 a.m. until 5:00 p.m., Monday through Friday. No nominating petitions will be accepted after 5:00 p.m.").

¶ 8     In the section 2-619 portion of the motion, the defendants argued that, because Moore used a form summons for administrative review cases, his complaint might be construed as seeking relief under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2020)). However, the defendants argued, administrative decisions are only appealable under the law if the governing statute specifically provides for such review, and no governing statute so provided under the facts presented here. Therefore, they argued, the circuit court lacked subject matter jurisdiction over Moore's claim. Additionally, the Board chairman, Ian K. Linnabary, argued that

he should be dismissed as a defendant because the complaint contained no allegations against him.

¶ 9     Moore's response to the motion was in narrative form, improperly offering additional facts not pleaded in the complaint. In summary, he argued that he substantially complied with the deadline, and that it was "unfair" to reject his nomination papers because he mailed them from Springfield after the deadline, when he could have more easily mailed them from his home in Broadview on time.

¶ 10     On May 18, the circuit court granted the defendants' section 2-619 motion to dismiss, finding that the court lacked subject matter jurisdiction "based upon Plaintiff's untimely filing of his nomination papers." This appeal followed. On its own motion, this court entered an order establishing an accelerated docket pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018)), and allowed Moore to file a memorandum in lieu of a brief. Moore did not file his memorandum on time and filed a brief instead. In the interests of expedition, this court entered a *sua sponte* order granting leave for him to file his brief *instanter* and granting him a fee waiver.

¶ 11                                    ANALYSIS

¶ 12     On appeal, Moore again recites the difficulties he experienced in obtaining transportation to the State Board of Elections, and he cites various federal laws which he contends demonstrate that his filing by mail should be construed as timely. His brief is accompanied by an appendix which purports to be a copy of the returned nomination papers. However, these materials are not properly before the court. A party may generally not rely on matters outside the record to support its position on appeal. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). Thus, if the materials are not taken from the record, they may not generally be placed before the appellate

4

court in an appendix and will be disregarded. *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1042 (1999).

¶ 13 The defendants have not filed a memorandum or brief in this court. After review of Moore's brief, it was clear that the circuit court's order should be affirmed, and that time was of the essence because early and absentee voting was already underway. Therefore, this court stayed further briefing and it now waives the requirement for the defendants to file a responsive memorandum or brief. The record is simple, the circuit court's order is clear, and the claimed error is so straightforward that we can easily resolve this appeal without for further argument. See *First Capital Mortgage Corporation v. Talandis Construction Corporation,* 63 Ill. 2d 128, 133 (1976).

¶ 14 When we review a dismissal under section 2-619, we accept all well-pleaded facts, and all reasonable inferences that arise from them, as true. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. We review the circuit court's dismissal of the petition, and consider whether dismissal was proper as a matter of law, *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993). This court reviews the judgment, not the reasoning, of the circuit court, and we may affirm on any grounds in the record, regardless of whether the circuit court relied on those grounds or whether its reasoning was correct. *Leonardi v. Loyola University of Chicago,* 168 Ill. 2d 83, 97 (1995).

¶ 15 Section 2A-1.1b(c) of the Election Code provides in pertinent part: "Petitions for nomination for [statewide offices] for the [2022] general primary election may be filed in the principal office of the State Board of Elections beginning on March 7, 2022 but no later than March 14, 2022." See Pub. Act 102-692, § 5 (eff. Jan. 7, 2022) (amending 10 ILCS 5/2A-1.1b); Pub. Act 102-693, § 52 (eff. Jan. 7, 2022) (amending 10 ILCS 5/2A-1.1b). The Board's

regulations further provide that the Board cannot accept nomination papers filed by mail but received after 5:00 p.m. on the last day of the filing period. 26 Ill. Adm. Code § 201.10(b) (2016). This deadline allows the nomination papers to be immediately available for public inspection as required by section 10-7 of the Election Code (Pub. Act 102-15, § 5 (eff. June 17, 2021) (amending 10 ILCS 5/10-7)), and consequently allow a voter sufficient time to research file meaningful objections to them by the short five-business-day deadline established by section 10-8 of the Election Code (Pub. Act. 102-15, § 5 (eff. June 17, 2021) (amending 10 ILCS 5/10-8)). Because the regulation specifically addresses the time and manner of filing nomination papers for public office, contrary provisions which might permit the timeliness of a filing to be determined by its postmark, upon which Moore relies, have no relevance to the facts presented in this case.

¶ 16    There is no dispute that Moore did not meet this deadline. Not only did he not file his nomination papers at the Board's offices in person by 5:00 p.m. on March 14, he did not even mail them until after that deadline had already passed.

¶ 17    As noted above, the circuit court dismissed Moore's complaint for lack of subject matter jurisdiction. Inherent in this disposition is a determination that Moore filed a complaint for administrative review of a Board decision. Although Moore used an administrative review summons, the words "administrative review" appear nowhere in his complaint, and we do not believe it should be construed as such. While his prayer for relief requests not that the court "review" a Board decision, it also requests that the court "compel the Board and its attorney" to accept his nomination papers and place him on the ballot. Read in the context of the complaint as a whole, this language, though inartful and confusing, is best characterized as seeking equitable relief due to exigent circumstances.

¶ 18    So construed, the complaint failed to state a valid cause of action and was properly dismissed pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). Moore's main argument on appeal seems to be that the court system can grant dispensation from the statutory deadline and grant him relief because of exigent circumstances. However, all of these circumstances were caused by his need to file at the last minute, his lack of advance planning, and unfortunate need to navigate around the City of Springfield on short notice without a car.

¶ 19    Those who wait until the last minute take risks, and the law is replete with examples of litigants who forfeit their rights by failing to accomplish a task on time, even by a few minutes. The deadline for filing nomination papers is mandatory *Courtney v. County Officers Electoral Board*, 314 Ill. App. 3d 870, 876 (2000) (because the statute governing the time of filing of nomination papers is mandatory, "A statement of candidacy and the nomination petitions must be filed within the requisite limitations period.").

¶ 20    Our supreme court's recent decision in *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 34 is instructive on this point. There, a candidate filed nomination papers which contained only 13 fewer signatures than the required number. *Id.* ¶ 7. The candidate argued that he nonetheless filed a sufficient number of signatures to demonstrate support in the city for his election. *Id.* ¶ 33. The court summarily rejected this argument, explaining that such a rule would be "unprecedented, unworkable, and contrary to law" and that "the power to set the standards for accomplishing those policy considerations is vested in the General Assembly, not the local election boards or the courts." *Id.* ¶ 34. The same analysis applies here.

¶ 21                                              CONCLUSION

7

¶ 22    We may affirm the judgement of the circuit court on any basis shown in the record. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16. We therefore affirm the judgment of the circuit court dismissing the complaint, but on the alternate basis that the complaint failed to state a cause of action pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). The mandate shall issue *instanter.*

¶ 23    Affirmed.